HERBERT MURRAY v. RICHMOND AND DANVILLE RAILROAD
COMPANY.

*Infants—Negligence.*

1. The rule of law in regard to the degree of care which an adult must exercise before he can recover damages for injuries resulting from the negligence of another, is different from those in respect to infants of tender years. The former is required to employ that care and attention for his own safety which is ordinarily exercised by persons of intelligence; the latter is held to such care and prudence as is usual among children of his age and capacity.

2. Where the plaintiff, an infant of eight years of age, in disobedience of the commands of his mother and the warnings of defendant's agents and servants, and, unobserved by the engineer, jumped upon a "shifting" engine about to move, took a position where he could not be seen by those in charge and operating the engine, and remained there until becoming alarmed at the speed he attempted to jump off and received severe injuries; *It was held*, that he was not entitled to recover though no whistle was blown or other signal given.

(*Manly* v. *Railroad*, 74 N. C., 655, cited and approved).

This was a CIVIL ACTION by the plaintiff, through his mother as guardian *ad litem* and next friend, against the Richmond & Danville Railroad Company and the North Carolina Railroad Company, for damages for being injured by falling from an engine of the Richmond and Danville Company. There was no evidence offered or verdict asked against the North Carolina Railroad Company, and a judgment was entered in its favor without objection. It was tried before *Graves, Judge,* and a jury at February Term, 1885, WAKE Superior Court.

In the month of April, 1882, the plaintiff, residing with his mother near the depot or station of the defendant company, at the city of Raleigh, and then not quite eight years of age, was seen by the engineer in charge, upon the shifting engine, and made to get off, being told that he could not ride on it. Soon after, watching his opportunity and seeing the engine about to move toward the water-tank, the plaintiff, unobserved by the officer, again got on the engine, placing himself on the plow or "cow-catcher," which goes in front, in such a position that he could not be seen by the engineer, when standing and operating the machinery, until moving it attained a speed of four miles an hour, he became alarmed and attempted to jump off. In so doing his leg was caught between the bars of the plow, and he sustained the injury for which, in this action, he demands compensation in damages.

He was, however, seen in his perilous position by a colored man, who directed him to get off, to which he made no answer, but, as he himself described it, "wuggled his back at him." The plaintiff had before been warned by his mother, and on this very morning been forbidden to go there. The engine was used in shifting cars at the station and not in general transportation. No whistle was blown, or other signal given of the starting, and this, owing to the frequency of its movements in one direction and another, was not deemed necessary for the protection of persons who were about. The engineer testified that when standing at the place where he was and ought to be for the management

of the engine and in controlling its action, he could not see the plaintiff and did not see him until in his attempt to get off he was caught between the bars, and it was too late to prevent the injury. He could, however, if in his seat, and looking out through the window of his cab, have discovered the plaintiff. His mother, as shown by an attending physician, had before expressed her apprehensions that her son would be killed or hurt on the road, but did not anticipate such an accident as befell him.

These are the general facts developed in the testimony and attending the accident upon which negligence is imputed to the servants of the company, and the claim for compensatory damages rests.

*Mr. D. G. Fowle,* for the plaintiff.
*Messrs. Reade, Busbee & Busbee* and *T. R. Purnell,* for the defendant.

SMITH, C. J., (after stating the case as above). There can be no question that an adult, thus exposing himself to peril, would be held to have brought the injury upon himself by his own act, and if his own negligence and want of care for his own safety were not the direct and immediate cause of the injury, they were so contributory to it as to take away any just ground of complaint against the company. The plaintiff's case is, however, distinguished by his counsel upon the ground that his extreme youth required much greater vigilance and strict attention from the company for his protection than if of more mature years. While this is true it does not dispense with the exercise of such regard for his own safety, as may be expected in one of such age, and certainly does not excuse the reckless disregard of repeated warnings given the plaintiff, and his persistent purpose to ride on the engine and hazard the consequences. ·

The principle to be extracted from the most approved adjudications in the United States is thus announced in a recent work : An infant, so far as he is personally concerned should be held to

such a degree of care only, as is usual among children of his age; though if his own act directly brings the injury upon him, while the negligence of the defendant is only such as exposes the child to the possibility of injury, the latter cannot recover damages. Shear. and Red. on Negligence, sec. 49.

" The rule of law in regard to the negligence of an adult and the rule in regard to that of an infant of tender years," remarks Mr. Justice HUNT, delivering the opinion in *Railroad Co.* v. *Gladmon,* 15 Wall., 401, "is quite different. By the adult must be given that care and attention for his own protection that is ordinarily exercised by persons of intelligence and discretion. If he fails to give it, his injury is the result of his own folly, and cannot be visited upon another. Of an infant of tender years, less discretion is required, and the degree depends upon his age and knowledge."

The same rule is repeated in *Railroad Co.* v. *Stout,* 17 Wall., 657; Whart. Neg., 314.

" All that is necessary to give a right of action to the plaintiff," is the language of the Supreme Court of Missouri, in a case where a child ten years of age was killed, "for an injury inflicted by the negligence of the defendant, is that he should have exercised care and prudence equal to his capacity." *Roland* v. *Railroad,* 36 Mo., 484.

A child of six years was permitted by his parents to use the roadway for a play-ground, and he would sometimes unattended lie down upon the track. He was seen in this condition by the engineer of an approaching train, who, however, could not tell whether the object seen was a bush or a human being, until the engine was so near that every effort to stop it and avoid the injury was unavailing. It was held that no recovery could be had had for the injury. *Meek* v. *Railroad,* 52 Cal., 602. In *Conley* v. *Railroad,* 4 Am and Eng. R. R. Cases, 533, the action was brought by an infant of seven years, for an injury attributed to the negligence of the defendant company, on the trial of which it appeared

that he, with other boys but little older than himself, was playing upon a car loaded with sand, which was in motion to be put on a switch when he and they were ordered to get off. In doing this, the plaintiff suffered the injury for which damages were sought, but he was not permitted to recover. The ruling rests upon the opinion that there was no hazard in leaving the moving car from which care on his part would not have fully protected him. While we do not intend to express our concurrence in the ruling that the order given under such circumstances and without stopping the car showed no negligence involving liability for the consequences to one so young, we refer to the case to show that reasonable vigilance and care, such as one of the plaintiff's age is expected to give for his own safety, is required to sustain a claim for damage.

In harmony with the doctrines announced in the Supreme Court of the United States is this ruling by this court in *Manly* v. *Railroad*, 76 N. C., 655, wherein BYNUM, Judge, referring to what is said in *Railroad* v. *Gladmon, ante*, remarks:

" If by the proposition of the counsel of the plaintiff that if there was negligence on the part of the children" (one of whom had been killed by a passing train while asleep on the track), "it is not imputable to the parent who is the plaintiff, is meant that the plaintiff is entitled to recover, notwithstanding any degree of negligence on the part of the children, we cannot assent to the proposition. It has no foundation in reason and would be disastrous to commercial life."

In the present case, the plaintiff, wilfully, after being ordered off, again secreted himself in such a place on the plow of the engine, as it was about to start, where he could not be seen— disregarding the admonition of the colored man who saw his danger—and then alarmed, made an effort to spring to the ground. The accident was the result of his own rash conduct, and the injury he brought upon himself.

Wherein can neglect be imputed to the company or its agents? Was it in not sounding the whistle?

The plaintiff did not need the warning. He knew the engine was about to move, and the signal for starting was wholly needless to him, as he already knew what that would have indicated. The omission was in no sense the cause of his misfortune or contributory to it. The engineer was at the post of duty, and the plaintiff had occupied a place so that he should not be again ordered off and lose his ride, and at last he perhaps would have escaped if he had remained where he was and not rashly attempted to get off. We do not discover any evidence of negligence in the undisputed facts of the case, and we think the defendant was entitled to an instruction that upon them no negligence in the company was shown, and that the plaintiff could not recover.

There must be a new trial, and it is so adjudged. Let this be certified to the end that a *venire de novo* be awarded in the Court below.

Error. *Venire de novo.*