SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY
v. NANNIE H. MORGAN, GUARDIAN.

Decided June 15, 1900.

1. **Railway Company—Injury to Child—Unguarded Turntable—Implied Invitation—Pleading.**

Where plaintiff's petition in an action against a railway company for injury occurring to a child while playing on an unguarded turntable alleged that the turntable was a thing unusually calculated to attract children, and did attract such child, with others, to play thereon, and that defendant, knowing of its attractiveness for children, left it unlocked and permitted children to play on it, and thereby impliedly invited the child to play thereon, and that he entered onto the turntable with the implied invitation of defendant, such averments were a sufficient allegation that the child went onto the turntable by implied invitation of the defendant.

2. **Same—Pleading Implied Invitation.**

Nor was the petition, in its averment that defendant, by leaving the turntable unlocked, knowing its attractiveness to children, impliedly invited such children to play thereon, subject to demurrer as seeking to establish an invitation by proof of failure to keep the turntable locked, since the leaving of the turntable unlocked, along with the other allegations, was one of the facts tending to establish an implied invitation.

3. **Same—Same.**

So, the averment that it was the custom of children to play on the turntable was not subject to demurrer in not stating how the defendant became cognizant of the custom, or how it sanctioned it, when such averment was not intended to show defendant's negligence, but to state a fact which, in connection with others, would show an implied invitation.

4. **Same—Pleading Negligence.**

So, an allegation that defendant failed to keep the turntable locked pursuant to its own rules was not demurrable as being an allegation of an assumed duty, in no wise incumbent on defendant by law, since that fact tended to show knowledge on defendant's part of the danger of leaving the turntable unlocked, and, with the other facts, showed that it was negligence on the part of defendant to leave it unlocked and unguarded.

5. **Same—Proof of Implied Invitation—Custom.**

For the purpose of establishing an implied invitation by the defendant company it was competent for plaintiff to prove the custom of children in relation to the use of the turntable as a place of amusement at the time the injury to the child occurred.

6. **Same—Opinion of Witness—Discretion of Child.**

In an action for injury to a child while playing on a railway turntable, it was competent for a witness to state the age and general intelligence of the child, but not that he was old enough to see the danger and avoid it, since such opinion was the very issue to be determined by the jury.

7. **Charge of Court—Request for, Necessary.**

A failure to more fully instruct as to the purpose for which certain facts in evidence could be considered by the jury does not present reversible error where there was no request for such instruction.

APPEAL from Nueces.   Tried below before Hon. STANLEY WELCH.

*Stayton & Berry*, for appellant.

*G. R. Scott* and *J. C. Scott*, for appellee.

PLEASANTS, Associate Justice.—Appellee, as the guardian of the estate of Kosciusko Morgan, brought this suit to recover of appellant damages for injuries sustained by the said Kosciusko while playing on an unguarded and unlocked turntable of appellant situated in the town of Alice, Nueces County, Texas. In the court below the appellee recovered against appellant a judgment for the sum of $3000, with interest and costs of suit, from which judgment appellant prosecutes this appeal.

The turntable was situated on the right of way of appellant 2567 feet from its depot and just outside the limits of the town of Alice. Appellant's right of way is 200 feet in width, and the turntable is at the end of a spur track on the west side of the main line track and about 47 feet therefrom, and is unfenced. There were six residences within from one to two hundred yards of the turntable, and a public road or street 60 feet wide adjoining and parallel with the right of way on the east side of the main track. The spur track is on a dump four or five feet high, and the turntable is constructed entirely above the surface of the ground, so that the track on the table is of even height with the track on the dump, and when the table is placed in proper position the two tracks meet and an engine can be run off the spur track on to the table, turned around, and run back on the spur.

The table is a heavy structure composed of wood and iron and so made as to revolve on a pivot. It can be easily turned, and when once started its weight helps to keep up its momentum and it is not easily stopped. It is dangerous for children to ride or play on the table when in motion or when it is not locked. The children living in the town of Alice were in the habit of playing on said table, and when the same was left unlocked they were in the habit of putting it in motion and riding thereon. This custom or habit of the children living in the vicinity was known to the appellant, and the company, recognizing the danger in leaving said table unlocked, had a rule requiring it to be kept locked when not in use. For ten days or two weeks prior to the injury to appellee's ward the table had not been locked, and Kosciusko Morgan with other children had several times played and ridden on it, and it is not shown that appellant made any effort to warn or keep them off. At the time of his injury the said Kosciusko was about 11 years old and was a boy of average intelligence, but was without sufficient discretion to appreciate the danger of playing or riding on said turntable, and was ignorant of the danger he thereby incurred. While attempting to get on the table, which had been put in motion by a companion, he fell and his foot was caught between the ends of the rail on the dump and the rail on the table and was crushed and mangled and permanently injured. The turntable was from the character of the structure and surroundings an unusually attractive place for children to congregate and play, and was especially so when unlocked so that they could revolve it and ride thereon. The said Kosciusko knew that the children of the town were in the habit of playing

and riding on the table and knew that it had been unlocked for some time prior to the time he was injured. There were several children riding on the table at the time he was injured. Appellee did not consent to her ward's playing or riding on the table, and did not know that he had ever done so, or intended doing so when he left home on the evening of the accident. The appellant in none of its assignments of error raises any issue as to the sufficiency of the evidence to show negligence on its part in failing to keep said turntable locked, if under the pleading and evidence in this case any higher duty is shown to have devolved upon it than to have refrained from willful or intentional injury to appellee's ward.

In a companion case to this, arising out of the same accident, in which the appellee herein, who is the mother of said Kosciusko, sued in her own right to recover damages for the injury to her son, and in which the facts are identical with the facts in this case, the Supreme Court held that a general demurrer should have been sustained to the petition, because said petition did not allege that the said Kosciusko was on the turntable by the invitation of the appellant, nor allege facts from, which such invitation could be implied. Railway v. Morgan, 92 Texas, 98. The petition in this case contains all of the material allegations of the petition in the case above cited, and in addition thereto avers as follows:

"It was a dangerous machine for children of tender years and immature judgment to play with, and on account of its nature and surroundings, and especially because they could easily revolve same and ride thereon when it was not locked, it was especially and unusually calculated to attract, and it did attract such children, and appeal to their instinct of play, and it tempted and allured them, and thereby caused them to enter thereon, and when it was not locked, to turn it around and ride thereon, and in other ways make it the means of childish sport and diversion, ignorant of the danger they thereby incurred. * * * And on and prior to said June 16th, as was well known to defendant, the turntable had become a popular resort and means of amusement for children and the general public, and it had become and was the custom and practice of children of tender years to amuse themselves by playing thereon, as aforesaid; and on and prior to said date such custom had become well established; and it was well known in said community and said Kosciusko knew of the same, and the defendant by and through its officers and agents and servants was fully aware and cognizant thereof, and it knowingly allowed and permitted the same, and in no manner interfered therewith and made no attempt to prevent the children of tender years from playing thereon either by guarding or locking or in some other manner securing the same, so that they could not revolve it and make it a means of amusement; and defendant also knew that by playing on the turntable, as aforesaid, such children unknowingly exposed themselves to great danger and hazard. On and about June 16, 1895, while the turntable was carelessly and

negligently left unguarded and unlocked by the defendant, as afore-
said, Kosciusko Morgan, then 10 years old, happened to be in the
vicinity, and on account of its nature and surroundings, it was
especially and unusually calculated to attract, and it did attract him, and
thereby cause him to enter thereon to play with same.  *  *  *  At
and before the time of entering onto the turntable, he was well aware of
the custom and habit of children playing with the same, as hereinbefore
shown, and by reason of such custom and the attractive use of the turn-
table as a plaything, as aforesaid, he was led to believe and think, and
he did believe and think, that he had the right, and the defendant in-
tended that he, like other children, should play on the turntable when-
ever he desired; and the plaintiff avers, that by reason of the matters
and things herein pleaded and especially by its leaving the turntable
unlocked, as aforesaid, knowing of its attractiveness to children, as
aforesaid, and permitting children and the general public to play
thereon, as aforesaid, the defendant impliedly invited said Kosciusko
to go onto the same and amuse himself by playing therewith, and he
entered onto the turntable, as aforesaid, with the implied invitation
of the defendant; the plaintiff further charges that the defendant, in
so leaving said turntable unguarded and unlocked, disregarded its duty
to the said Kosciusko to keep same guarded and locked so that he
could not enter thereon and endanger himself by playing with the
same."

Appellant by its first assignment of error charges that the trial court
erred in not sustaining a general demurrer to the petition in this case,
because said petition does not allege that the said Kosciusko was, at the
time he was injured, on appellant's turntable by express or implied
invitation of appellant. In the case of Railway v. Morgan, supra, Judge
Denman, after applying to cases of this character the seemingly harsh
rule that in no case will the owner of premises be held liable for injury
to persons who are on his premises without his express or implied invita-
tion, unless such injury is caused by the willful or intentional act of
the owner, says:  "Where, however, the owner maintains upon his
premises something which on account of its nature and surroundings is
especially and unusually calculated to attract, and does attract another,
the court or jury may infer that he so intended and had invited him.
Where one exhibits on his own land, near where children are likely to
be, pictures or unusually attractive machinery, etc., he can expect no
other result than that it will appeal to the known instincts of a child
of immature judgment, and cause him to venture thereon just as the
dog is drawn into the baited trap by the scent of meat."

Measuring the allegations of the petition above quoted by the rule
as laid down by Judge Denman, we think the petition is sufficient in
that it alleges facts from which an implied invitation is established, and
in further compliance with Judge Denman's opinion said implied in-
vitation is specifically alleged.

The next assignment alleges error in the refusal of the trial court

to sustain appellant's special exception to that portion of the petition which avers, "that by reason of the matters and things herein pleaded, especially by leaving its turntable unlocked, as aforesaid, knowing its attractiveness to children and to the general public to play thereon, as aforesaid, the defendant impliedly invited the said Kosciusko Morgan to go on same and amuse himself by playing therewith, and he entered on the turntable with the implied invitation of the defendant."

The objection urged to this portion of the petition is that "it does not allege facts from which an implied invitation could be legally established, but seeks to establish invitation upon proof of an allegation of a failure to keep said turntable locked, without alleging facts fixing a duty upon defendant so to do, or alleging any facts showing any negligence upon its part or any act done in relation to said turntable in its construction and maintenance through which an implied invitation could be established." The trial court did not err in overruling this exception. The fact that the turntable was left unlocked added to its attractiveness to children, and taken in connection with the other matters and things pleaded in the petition, such as the ease with which the turntable could be revolved, its unusual attractiveness as a playing place for children, and the fact that children of the town with the knowledge of appellant went upon said turntable and rode thereon when it was left unlocked, rendered the leaving of same unlocked one of the special facts from which an implied invitation could be established.

The implied invitation which is established by facts of this character arises from, or is based upon, the doctrine of estoppel. When it is shown that the owner has placed upon his land unusually attractive machinery, and that within his knowledge children are thereby induced to go upon his premises, and the owner knows that leaving said machinery unfastened adds to its attractiveness, he will not be heard to say that children thus induced to go upon his premises were not there by his consent or invitation.

The fourth and fourteenth assignments of error but present in another form the same question before considered, and are, in our opinion, without merit.

The fifth assignment attacks that portion of the petition which alleges the custom and practice of children to amuse themselves by playing upon the turntable; because it is not alleged in what manner the defendant became cognizant of such custom, or how it sanctioned same, or wherein it was negligent in relation thereto. The entire petition should be considered together in testing the sufficiency of any part thereof, and when so considered, the allegations complained of are clearly not intended within themselves to state sufficient facts to show negligence on the part of the defendant, but only to state a fact which taken in connection with other facts alleged are sufficient to establish an implied invitation, and for this purpose the allegations are sufficient.

The fifteenth assignment is without merit. If the appellant desired the court to more fully instruct the jury as to the purpose for

which the custom of the children in playing upon the turntable could be considered by them, it should have requested such instruction, and having failed to do so can not be heard to complain that such was not given.

There is no merit in the twenty-fourth nor the twenty-fifth assignments. For the purpose of establishing an implied invitation it was competent for appellee to prove the custom of children in relation to use of the turntable as a place of amusement. The trial court correctly ruled in refusing to allow appellant to prove by the witnesses, Richards and Mr. and Mrs. McCarty, that the said Kosciusko was old enough to see danger and avoid it. This testimony was clearly but the opinion of the witnesses, and that opinion was not that the boy was of sufficient intelligence to see and avoid danger, but simply that he was old enough. The age of the boy was shown, and these witnesses were allowed to testify that he was an intelligent boy, and the question upon which their opinion was sought to be elicited was the very issue to be determined by the jury from the facts as to his age and intelligence. We do not think the rejected testimony was admissible upon any ground.

The appellant's last assignment of error complains of the refusal of the trial court to sustain exceptions to that portion of the petition which alleges that appellant company had established a rule requiring its turntable to be kept locked at all times when not in use, and that the defendant was negligent in failing to keep such table locked, "because such allegation was one of assumed duty voluntarily assumed and in nowise incumbent upon defendant by law, and its object and purpose is not alleged to be that of protecting trespassers, and the breach of such rule would not constitute negligence in law, nor is it alleged that plaintiff had knowledge of or was influenced by said rule, or regulation, in his conduct in relation to said turntable, and further because therein a greater degree of care is alleged than is imposed upon the defendant under the facts alleged, by any rule of law."

The rule of the company in regard to keeping the turntable locked was properly alleged as a fact tending to show knowledge on the part of the appellant of the danger in leaving same unlocked, and under the facts alleged it was negligence on the part of appellant to allow the turntable to remain unlocked and unguarded.

We find no error in the judgment of the court below, and it is in all things affirmed.

*Affirmed.*

Writ of error refused.