RAILROAD   v.   CARGILLE.

(*Knoxville.*   November 17, 1900.)

1. PLEADING AND PRACTICE. *Making issue on amended declaration.*
When a case is tried upon an issue made upon the original dec-
laration, and without plea to an amended declaration restating
the original cause of action, but without objection on that ac-
count, this Court will treat the amended declaration as being
incorporated with the original declaration, and as put at issue
by the pleas offered to the original declaration.

2. RAILROADS.   *Turntables.*
A railroad company that maintains a turntable, or other ma-
chinery of like attractive and dangerous character, in a posi-
tion exposed and accessible to children, and in such condition
as to be set in motion by them, is liable for any damages to a
child of tender (6) years injured by the action of himself and
companions in setting such machinery in motion.

FROM   WASHINGTON.

Appeal in error from Circuit Court of Wash-
ington County.   H. T. CAMPBELL, J.

H . H. CARR for Railroad.

BURROW BROS. and ISAAC HARR for Cargille.

WILKES, J.   This is an action for damages for
personal injuries to the plaintiff, who was at the

time of the accident a minor six years of age, and at the time of bringing this suit was still a minor.

There was a trial before the Judge and a jury in the Court below, and a verdict and judgment for $250, and the railroad company has appealed, and assigned errors. The injury was done in 1886. This suit was brought in 1895. The declaration was filed August 26, 1895. It was demurred to. When this demurrer was filed does not appear, but it was overruled December 17, 1895. A plea of not guilty was filed December 21, 1895. The cause appears to have slumbered on the docket until April 17, 1899, when an amended declaration was filed. It was also demurred to on the day it was filed, and the second demurrer was overruled on April 18, and defendant was given thirty days in which to plead to the second count. No plea to this second count was ever filed, nor was judgment by default taken upon it, but the cause proceeded to trial as the entry states upon the issues, with the result as stated. A motion for a new trial was made and overruled, and an appeal was prayed and granted, and time given to file a bill of exceptions, but none was ever filed. Defendant excepted to the action of the Court in overruling his demurrers. There being no bill of exceptions in the case, the action of the Court upon the demurrers is the only matter we can consider.

We are of opinion the amendment to the declaration incorporated itself into the original and became part of it, and the defendant having filed no other or further plea to it, the plea to the original declaration will be treated as putting the entire matter of both declarations in issue.

The original declaration in substance alleges that the railroad company wrongfully and negligently left unattended, unlocked, unfastened, unguarded, and uninclosed a certain piece of dangerous and attractive machinery, viz.: a turntable, and it was its duty not to so leave it, but to keep the same well secured against those for whom it served as an attraction, thereby holding out to plaintiff and others an inviting and attractive piece of dangerous machinery—viz., a turntable, a ponderous piece of machinery resting on a pivot and easily revolved, being on wheels at each end; that plaintiff, being an infant of tender years (six years), in company with his mates, while playing with and revolving the table, was caught between the end of the turntable and the end of the iron or steel rail, whereby his foot was mashed, bruised, mangled, etc.

The amended declaration further alleged that the turntable was located in the central part of the town of Johnson City, near the intersection of two public streets, and at a place much frequented by people in passing and repassing, with full knowledge that the same was an inviting and dan-

gerous piece of machinery when unlocked or un-
guarded, and with full knowledge that small boys
and youths were in the daily habit of riding and
revolving on the same, whereby and by reason of
the negligence of defendant in not taking reason-
able precaution for preventing small boys from
playing upon and about its turntable, and in. not
locking and securely fastening the same, the plain-
tiff's foot was caught and crushed, etc.

The demurrers were, in substance, that the dec-
laration was not sufficient in law, there being no
cause of action stated, the law not requiring de-
fendant to keep its said turntable locked, fastened,
guarded and inclosed, nor to keep the same well se-
cured against those for whom it served as an at-
traction, etc.

It is objected that the demurrer is formal, and
does not specify the defects in the declaration.
This, we think, is not correct. The demurrer is
sufficient and regular in form, and we proceed
to consider if it is sufficient in substance.

The general rule adopted by the Supreme Court
of the United States and the Courts of most
of the States of the Union is that if a railroad
company leaves a turntable or other like machinery
upon its own property or under its control, likely
to attract children, so unsecured that children may
put it in motion, the company is negligent, and
if a child is injured thereby, will be liable in
damages. *Stout* v. *Railroad,* 17 Wall., 657; 27

Railroad *v.* Cargille.

Am. & Eng. Enc Law, 344, and cases there cited.

The declaration is not, therefore, faulty upon the grounds stated in the demurrer, and we can see no error in the action of the trial Judge in overruling the demurrers and proceeding to trial upon the original and amended declarations and the plea thereto, treating it as putting both the original and amended declarations in issue.

There being no bill of exceptions we must assume there was no error in the trial, verdict, and judgment, and the judgment is affirmed with costs.