### San Antonio & Aransas Pass Railway Company v. M. R. Skidmore.

#### Decided November 6, 1901.

**1.—Railway Company—Unguarded Turntable.**

Where, in an action for injuries to a child in playing on an unlocked and unguarded railroad turntable, there was evidence showing that the turntable was of unusual attractiveness to children, and that they played thereon in view of defendant's employes without protest, a motion to instruct a verdict for the defendant company was properly refused.

**2.—Same—Implied Invitation to Children.**

It is immaterial whether a child injured on a turntable was on her father's premises or those of the railway company at the time when, in acceptance of the invitation inferable from the attractiveness of the table to children, she went thereon to play.

**3.—Same—Lawful Use Not Determinative.**

That the railway company made a proper and customary use of its property by locating a turntable thereon, did not warrant the giving of a charge which would have withdrawn from the consideration of the jury the invitation given by implication to children to go upon the table.

**4.—Damages for Personal Injury—Evidence.**

Where the evidence in an action for injury to a child shows that she has been rendered a cripple for life, her capacity for manual labor totally destroyed, and that her education is insufficient to qualify her for any other vocation, evidence of the ordinary wages of household servants is admissible to aid the jury in estimating the damages to which she is entitled.

Appeal from Bee.   Tried below before Hon. James C. Wilson.

*Proctors,* for appellant.

*James C. Scott* and *F. J. Hart,* for appellee.

NEILL, Associate Justice.—This suit was instituted by the appellee on August 15, 1899, against the appellant, to recover damages for personal injuries alleged to have been inflicted by the negligence of appellant on January 16, 1887, when she was about 9 years and 10 months old.

The appellant answered by a general denial, and specially plead that appellee, was, when injured, a trespasser or licensee on its premises, to whom it owed no duty save not to intentionally injure her.   The trial of the case, which was before a jury, resulted in a judgment in favor of appellee for $1000.

*Conclusions of Fact.*—On or about January 16, 1887, the appellant maintained on its right of way in the town of Old Skidmore a turntable, which, on account of its nature and surroundings, was especially and unusually calculated to attract children thereto and thereon. The turntable was kept unlocked, unfenced, and unguarded, and had, almost daily since its construction, months before, been used by the children in the neighborhood, among whom was appellee, to play and ride on as a merry-go-round. This use by children of the turntable was made in view of appellant's employes in charge and control of the premises whereon it was situated, without their objection or protest; and was, or by the exercise of ordinary care could have been, known to the company. While it was, from its surroundings and nature and the use that could be made of it, especially and unusually attractive to children, it was very dangerous and hazardous for them as a plaything, which danger and hazard was known to appellant and its servants in control of such machine or structure. From its surroundings and its nature, special attractiveness to children, and appellant's failure to keep it locked, fenced, or guarded, so that children could not play or go upon it, the appellant could have expected no other result than that it would appeal to children of immature judgment, and cause them to venture thereon and would therefore authorize a jury to infer that the company invited and intended them to go upon and play thereon; that it was negligence in the appellant to maintain said turntable unlocked, unfenced, and unguarded, and in inviting, by implication, the appellee, with other children, to play thereon.

On the day and year aforesaid, the appellee, then a child under the age of 10 years, upon the implied invitation of appellant, in company with other children in the neighborhood of like tender years and immature judgment, when said turntable was being pushed or drawn rapidly around by her playfellows, jumped thereon, fell, and her left foot was caught between the rails of the railroad track and those of the turntable, whereby it was so mashed and mangled as to cause her great pain and suffering and render her a cripple, thereby incapacitating her from earning money by any vocation of manual labor. The appellant's said negligence was the proximate cause of appellee's injuries, whereby she was damaged in the sum of $1000.

*Conclusions of Law.*—1. The court did not err in overruling appellant's motion to instruct a verdict in its favor. Railway v. Morgan, 92 Texas, 98; Railway v. Morgan, 58 S. W. Rep., 544; 1 Thomp. on Neg., sec. 1036, and cases cited in note; 8 Notes on U. S. Rep. (Railroad v. Stout, 17 Wall., 657), 124-134.

2. It is immaterial whether appellee was on her father's or appellant's premises when, in acceptance of the latter's implied invitation, she went on the turntable. The invitation of appellant, inferred from its special and unusual attractiveness to children of immature judgment, was to go upon the turntable, and it could make no difference on whose

premises she was when she accepted the invitation and went thereon to play. Therefore the court did not err in refusing the special charges referred to in the second and third assignments.

3. Special charge number 11, the refusal to give which is made the basis of the fourth assignment of error, in effect withdraws from the consideration of the jury the invitation, which may be inferred from the nature and surroundings of the turntable making it specially and unusually calculated to attract children of immature judgment, given by appellant to the appellee to go on the turntable, and requires them to find for appellant, "if the company, in locating the turntable, was making such use of its property as other railway companies were doing throughout the country." The use made of property in locating a turntable upon it is not in itself a test of liability, but other matters are to be considered in connection with such use in determining the owner's liability for injuries inflicted upon another. Railway v. Morgan, supra.

4. So much of special charge number 7 as was proper to give was, in substance, embraced in the charge of the court. The remaining part was argumentative, and was properly refused.

5. The appellee having alleged in her petition, and supported the allegations with evidence that she had permanently lost the use of her foot, been made a cripple for life, and her capacity to earn money by any vocation of manual labor totally destroyed,—it being shown her education was insufficient to qualify her for any other vocation,—it was not error to permit her mother to testify, over the objection of appellant that such testimony was irrelevant, that "the ordinary hire of female assistance around a house is ten or fifteen dollars per month. I mean that a woman with no physical defect is worth that." Such testimony is not admitted for the purpose of affording a measure of damages, but to aid the jury in estimating a fair and just compensation for her being prevented by the injury from engaging or prosecuting such work as every woman uninjured is capacitated for, and which some time in life falls to the lot of most women,—household service. 3 Suth. Dam., sec. 1246.

There is no error in the judgment requiring its reversal and it is affirmed.

*Affirmed.*