PATTON v. SOUTHERN RY. CO.

(Circuit Court of Appeals, Fourth Circuit.   November 6, 1901.)

No. 366.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—GRANTING NEW TRIAL.
   The rule of the federal courts that the action of a trial court in grant-
ing or refusing a new trial is not reviewable in the appellate court is not
changed by the fact that such action was taken by the trial judge on
his own motion, or that he refused to give his reasons therefor, in the
absence of anything in the record showing an abuse of the judicial dis-
cretion vested in him.

2. SAME—EFFECT OF REVERSAL—SECOND TRIAL.
   A decision of the circuit court of appeals on the record before it that
the case should have been submitted to the jury is not controlling upon
the trial court in a second trial, where the evidence is different.

3. TRIAL—DIRECTION OF VERDICT.
   The action of a trial court in directing a verdict for defendant in an
action against a railroad company for a personal injury sustained, on
the evidence in the record, on the ground that such evidence was insuffi-
cient to support a verdict for plaintiff.

In Error to the Circuit Court of the United States for the Western
District of North Carolina.

Theodore F. Davidson and F. A. Sondley, for plaintiff in error.
Charles Price, for defendant in error.

Before GOFF and SIMONTON, Circuit Judges, and MORRIS,
District Judge.

GOFF, Circuit Judge.   At the November term, 1897, of this court,
this case was remanded to the circuit court of the United States
for the Western district of North Carolina, with instructions that a
new trial be granted.   The facts then shown by the record are fully
stated in the opinion then filed, and only such matters as are addi-
tional will be referred to now.   Patton v. Railway Co., 27 C. C. A.
287, 82 Fed. 979.   The case, coming on to be further heard in said
circuit court, was at the July term thereof, 1898, again submitted to
a jury, when a verdict for the sum of $10,000 was returned for the
plaintiff.   The plaintiff below moved for judgment, but the court,
declining to enter the same, ex mero motu set aside the said verdict.
The plaintiff asked for permission to be heard on the matter of set-
ting aside the verdict, but this the court declined to grant, and also
refused to state the grounds on which the ruling setting aside the
verdict was based.   To this action of the court the plaintiff excepted.
Afterwards, at the November term, 1899, the case was again tried
before a jury, when, at the conclusion of the evidence, the court di-
rected a verdict for the defendant below.   To this action of the court
exception was noted by the plaintiff, and bills of exception, in which
were incorporated the evidence and the instructions given and re-
fused, were duly prepared and signed.   Judgment was rendered for
the defendant, and a writ of error was asked for and granted.   The
assignments of error are numerous, relating chiefly to the refusal
of the court below to give certain instructions as asked for by the

plaintiff in error; but, from the view we take of this case, it will not be necessary to refer to many of them, for the reason that we think the court was clearly right, upon the evidence submitted to the jury, in directing a verdict for the defendant.

The error assigned relating to the setting aside of the verdict rendered at the second trial is without merit; for it is so well settled that in the courts of the United States the granting of a new trial is within the discretion of the court, and not subject to review, that it is even unnecessary to again state the point, or to cite authorities to sustain it. The fact that the court on its own motion set the verdict aside neither adds to nor detracts from the rule applicable to such matters. It is the usual and certainly the better practice for the court to give the reasons moving it to such action, but we are not able in this case to say that it is reversible error not to do so. The court below exercised the right confided to it, and, so far as this writ of error is concerned, we must presume that its discretion was used in a judicial manner. It is true that the plaintiff below excepted to such action by the court, but it is also true that the record does not contain any of the testimony submitted to and considered by the jury; for no bill of exceptions was ever offered by which the same could have been preserved.

We come now to examine the assignments of error necessary to be considered so far as the third trial is concerned. Did the court err in directing a verdict for the defendant? It is insisted that, because this court held when the case was formerly here that the record then disclosed "testimony sufficient to go to the jury," when the case was again tried it was absolutely essential that the jury should pass upon it. We do not think so. This court acted on the record then before it, passed upon the weight of and the inferences to be drawn from the testimony as it was before the jury at the first trial, and could not have intended to control the action of the court below concerning the facts as they should be disclosed by the evidence offered at a future trial. The case as presented to the court and jury at the last trial was quite different from what it was when remanded by this court. The record then shows that no evidence was offered by the defendant, and that on the conclusion of the plaintiff's testimony the court directed a verdict. Now the record shows not only that plaintiff's evidence was heard, but that a number of witnesses, expert and otherwise, were offered and examined by the defendant; their testimony relating particularly to the questions referred to by this court on the hearing of the former writ of error. It must be kept in mind that this court, when the case was last here, found no proof of negligence on the part of the defendant in not providing safe machinery and appliances, and it is plain from the case as it now appears that the court below was warranted in so finding at the last trial. The attention of plaintiff and defendant had been particularly called by the opinion of this court to the character of the track and to the grade at the point at which the accident occurred. Witnesses were examined with special reference to the track, the grade, the curve, and the guard rail; and the court therefore had information on those special points not before in the record,

which, taken in connection with the fact that there was no defect in the machinery and appliances, was clearly decisive of the issues joined. And it is, we think, beyond question that it was the carelessness of the plaintiff, and the disregard by him of the rules that had been issued by defendant for his guidance at the very point where the accident occurred, that caused the running away of the train and the injury complained of. This being so, if a verdict had been rendered for the plaintiff, should it have been permitted to stand? We think not. Then why was it not the duty of the court to direct a verdict for the defendant? We are told by the supreme court of the United States that:

"Before the evidence is left to the jury, there is or may be in every case a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed." Commissioners v. Clark, 94 U. S. 278, 284, 24 L. Ed. 59, 61.

We give to the plaintiff below the most favorable view of all the evidence before the jury, and still, from that evidence, and from all the reasonable inferences to be drawn therefrom, we are unable to say that under the law a verdict should have been found in his favor.

Affirmed.