THOMASON v. SOUTHERN RY. CO.

(Circuit Court of Appeals, Fourth Circuit. February 4, 1902.)

No. 413.

1. ACTION FOR NEGLIGENCE—DIRECTION OF VERDICT.

Where, in the opinion of the trial court, the evidence is insufficient to sustain a verdict for plaintiff, there is no error in an intimation of an intention to direct a verdict for defendant.

2. NEGLIGENCE—TURNTABLE—PLEADING—BURDEN OF PROOF.

Where a complaint alleged that plaintiff, while attempting to save his younger brother from being crushed by a turntable on which he was playing, was caught between the track of the turntable and the stationary track, and thus crushed and mangled, and there was no allegation of any special negligence of defendant towards plaintiff, the burden of proof was on plaintiff to show that he was injured while rescuing his brother from imminent danger in which he was placed by defendant's negligence, and that he received such injuries while on the turntable for that purpose only.

3. SAME—MAINTENANCE—NEGLIGENCE.

The maintenance of railroad turntables is not per se negligence, though the manner of maintaining them may be negligence.

4. SAME—EVIDENCE—SUFFICIENCY.

In an action for injuries sustained by a boy 12 years old, while trying to save his brother from being crushed by a turntable, the sole testimony was that of one witness, who took plaintiff out of the turntable. The testimony was that plaintiff said "he tried to catch the turntable or tried to hold it off his brother, and got fast in there himself." "He said he caught the turntable, and tried to stop it off his brother." Held, that direction of a verdict for defendant was proper.

5. SAME—NONSUIT—JUDGMENT FOR COSTS.

Where plaintiff, in an action for personal injuries, takes a nonsuit, a judgment against him for costs is the only judgment it is proper to enter.

In Error to the Circuit Court of the United States for the Western District of North Carolina, at Asheville.

J. H. Merrimon and Locke Craig (P. J. Sinclair, on the brief), for plaintiff in error.

Charles Price, for defendant in error.

Before SIMONTON, Circuit Judge, and JACKSON and PURNELL, District Judges.

PURNELL, District Judge. Plaintiff in error, a minor 12 years of age, by his next friend, seeks to recover $30,000 damages for personal injuries received at a turntable maintained by the defendant railway company at Old Fort, N. C., and alleges the injury was caused by the negligence of the defendant. The issues arising on the pleadings were three: First, was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Second, did the plaintiff

contribute to his injury by his negligence? Third, what damages, if any, is the plaintiff entitled to recover?

After both parties announced they had closed, the trial judge reviewed the testimony, and, upon an intimation of an intention to instruct the jury that the plaintiff was not entitled to recover, the plaintiff took a nonsuit and appealed. This is the practice in North Carolina, and no question is raised in regard to such practice.

Plaintiff excepted to an intimation of the court of an intention to sustain the motion of defendant to direct the jury to return a verdict in favor of the defendant on the first issue, and that the evidence introduced by the plaintiff would not sustain an answer in the affirmative to the issue, was the plaintiff injured by the negligence of the defendant company as alleged? Much of the brief and argument on the hearing is directed to an effort to convince this court that there was error in the intimation of the trial judge that a verdict would be directed. Such course on the part of the court is in accord with the established practice in the courts of the United States. Whatever the rule may be elsewhere, in the courts of the United States, as said by the chief justice in delivering the opinion in C. A. Treat Mfg. Co. v. Standard Steel & Iron Co., 157 U. S. 675, 15 Sup. Ct. 718, 39 L. Ed. 854, "when the trial judge is satisfied upon the evidence that the plaintiff is not entitled to recover, and a verdict, if rendered for plaintiff, must be set aside, the court may instruct the jury to find for the defendant." To the same effect is the rule laid down in numerous other decisions.

In Pleasants v. Fant, 22 Wall. 116, 22 L. Ed. 780, quoting Improvement Co. v. Munson, 14 Wall. 448, 20 L. Ed. 867, it was held the true principle was: "If the court is satisfied that, conceding all the inferences which the jury can justifiably draw from the testimony, the evidence is insufficient to warrant a verdict for the plaintiff, the court should say so to the jury." This rule has been followed in Montclair Tp. v. Dana, 107 U. S. 162, 2 Sup. Ct. 403, 27 L. Ed. 436; Railroad Co. v. Woodson, 134 U. S. 621, 10 Sup. Ct. 628, 33 L. Ed. 1033; Peoples' Bank of Greenville v. Ætna Ins. Co., 20 C. C. A. 630, 74 Fed. 507; Sloss Iron & Steel Co. v. South Carolina & G. R. Co., 85 Fed. 138, 29 C. C. A. 50; Patton v. Railroad Co., 111 Fed. 712, at last term; Supreme Lodge v. Beck, 181 U. S. 52, 21 Sup. Ct. 532, 45 L. Ed. 741, and many decisions.

In the case last above cited, the supreme court, quoting from Railroad Co. v. Powers, 149 U. S. 43, 13 Sup. Ct. 748, 37 L. Ed. 642, says:

"It is undoubtedly true cases are not to be lightly taken from the jury; at the same time the judge is primarily responsible for the just outcome of the trial. He is not a mere moderator of a town meeting, submitting questions to the jury for determination, nor simply ruling on the admissibility of testimony, but one who in our jurisprudence stands charged with full responsibility. He has the same opportunities as jurors have for seeing the witnesses, for noting all those matters in a trial not capable of record, and when in his deliberate opinion there is no excuse for a verdict save in favor of one party, and he so rules by instructions to that effect, an appellate court will pay large respect to his judgment."

If, therefore, in the opinion of the trial judge, the evidence was insufficient to sustain a verdict for the plaintiff, there would have been

113 F.—6

no error if he had directed a verdict. He intimated an intention to do so when plaintiff took a nonsuit. Was this error?

The allegations in the complaint are that George, a brother of the plaintiff, five years of age, was playing on the turntable, and had set the same in motion; that said George was about to be crushed by the track of the turntable coming in close proximity to the stationary track; that plaintiff saw the great peril of his brother, and was not near enough to take him off the turntable before he would be crushed or killed; that he attempted to save his brother George, and did save him, by attempting to lessen the motion of the turntable, and in such attempt was caught between the track of the turntable and stationary track, and was thus crushed and mangled and seriously injured. Having made the allegation, the burden was on the plaintiff to furnish proof thereof. Allegation alone will not warrant a verdict. It was incumbent on him to show he was injured by the negligence of the defendant while he was engaged in rescuing his brother from imminent danger, in which he was placed by reason of the negligence of defendant, and he incurred or received such injury while on the dangerous machine for that purpose only.

Plaintiff was over 12 years of age, and, it seems, capable of distinguishing between places of safety and places of danger. The testimony is he was a bright boy, accustomed to being about the trains selling fruit and for other purposes. In North Carolina it seems to have been the rule, recognized by the supreme court, that even infants, capable of so distinguishing between places of danger and those of safety, could not recover damages when they wantonly placed themselves in places of danger, and their acts were the proximate cause of the injury. In Manly v. Railroad Co., 74 N. C. 655, a child 10 years of age fell asleep on a railroad truck, and it was held there could be no recovery; and to the same effect is the decision in the case of Murray v. Railroad Co., 93 N. C. 92, where a boy 8 years of age was injured while riding on the plow of a yard engine. But it is unnecessary to pursue this line of decisions in the case at bar. The rule is conceded to turn on the question of intelligence, and applicable more to the second issue, which is not under consideration.

Having made the allegation, the burden was on the plaintiff. There is no allegation of any special negligence on the part of the defendant towards the plaintiff. Turntables are necessary to the operation of railroads. Their maintenance is not per se negligence, though the manner of maintaining them may be. The plaintiff was not introduced as a witness, and the only witness who testified as to how he was injured or why he was on the turntable was a witness named Stepp, who took him out of the turntable. Stepp's testimony was, "Plaintiff said he tried to catch the turntable or tried to hold it off his little brother, and got fast in there himself." "He said he caught the turntable, and tried to stop it off his little half-brother." This was all the testimony as to how he came there and what he was doing there. There is no evidence to show that when he saw his brother in a dangerous position he was away from danger himself. In short, this is all the testimony. Is this sufficient

evidence to sustain plaintiff's allegations? to justify a verdict in the affirmative on the issue, was plaintiff injured by the negligence of defendant? The trial judge thought not. This court concurs in that opinion. An affirmative answer to the issue could not be justified on this testimony, but would, of necessity, have been based on conjecture.

Many of the decisions cited in the brief and by plaintiff's counsel assert sound propositions of law, but they are not applicable to this case, because of a difference in the facts. Having taken a nonsuit, the judgment rendered against plaintiff for costs is the only judgment it was proper to enter. Hence there is no force in the exception to the judgment. A careful examination of the record does not disclose any error.

There is no error. Affirmed.