Denison & Pacific Suburban Railway Company v. O. F. Harlan.

Decided May 13, 1905.

**1.—Turntables—Implied Invitation to Children.**

The peculiar attractiveness of a railroad turntable to children by reason of its being kept unlocked and unguarded near a street so they could play and ride thereon operated as an implied invitation for them to do so.

**2.—Same—Attractiveness—Evidence.**

Upon the issue of the turntable being especially and unusually calculated to attract children, so that an invitation to them would be implied, evidence that it was no more attractive than ordinary pools of water near by was irrelevant and incompetent.

**3.—Same—Charge.**

In an action for injury to a child while playing on a turntable the court did not err in refusing to charge, there being no evidence to authorize it, that if the turntable was no more attractive to children than many ordinary objects, such as wagons, haystacks, wood piles and plows, the verdict should be for the defendant.

Appeal from the District Court of Grayson. Tried below before Hon. B. L. Jones.

*T. J. Freeman* and *Head, Dillard & Head,* for appellant.—1. There being no evidence of a direct invitation to Raymond Harlan to ride upon the turntable, but the invitation being implied only from the attractiveness of the table to children, it was permissible to give positive proof that the table was no more attractive than ordinary pools of water where they could fish or paddle or sail boats. Railway v. Morgan, 92 Texas, 98; Doddins v. Railway, 91 Texas, 60; Simonton v. Light & Power Co., 67 S. W. Rep., 530; Guy v. Essex, 159 Mass., 242, 38 Am. St. Rep., 415; Klix v. Nieman, 68 Wis., 275, 32 N. W. Rep., 225; Railway v. Edwards, 90 Texas, 65; Peters v. Bowman, 116 Cal., 345; Joske v. Irvine, 44 S. W. Rep., 1059, 91 Texas, 574.

2. It is a rule of law established in this State that trespassing children injured by playing on wagons, haystacks, woodpiles and things of that character are not entitled to recover, though they are not so guarded as to prevent the access of children to them. If the jury should find that turntables are no more attractive to children than these things, then should there be no liability to trespassing children injured upon them, even though the turntables are unlocked. See cases above cited.

*Wolfe, Hare & Maxey,* for appellee.—1. Testimony that pools of water have attractions for children, does not tend to prove or disprove attractions or not in a turntable for children, therefore the testimony offered by defendant and excluded by the court of which complaint is made in this assignment, was irrelevant and properly excluded. 20 Am. and Eng. Ency. of Law, 768, and note 1 thereon; 11 Am. and Eng. Ency. of Law, 845, and note 1 thereon; John P. King Mfg. Co. v. Solomon, 25 S. W. Rep., 449; Evansich v. Gulf, C. & S. F. Ry. Co., 61 Texas, 28; Houston & T. C. Ry. Co. v. Simpson, 60 Texas, 106,

2. The evidence in this case showed that the turntable was so located and possessed such unusual attraction for children as would take it out of the ordinary rule that the owner of property is not bound to keep it in such condition as to protect persons, coming on the premises without invitation, from danger. The evidence also established beyond reasonable controversy an implied invitation to Raymond Harlan to go on the premises where the turntable was situated, and also shows that defendant knew, or by the exercise of ordinary care, would have known of his presence there. San Antonio & A. P. Ry. Co. v. Skidmore, 65 S. W. Rep., 215; San Antonio & A. P. Ry. Co. v. Morgan, 58 S. W. Rep., 544; Railway Co. v. McWhirter, 77 Texas, 356; Fort Worth & D. C. Ry. Co. v. Measles, 81 Texas, 474; Missouri, K. & T. Ry. Co. v. Edwards, 90 Texas, 65; Gulf, C. & S. F. Ry. Co. v. Stiron, 66 Texas, 421.

TALBOT, ASSOCIATE JUSTICE.—This suit was brought by appellee, O. F. Harlan, for himself and as next friend of his minor son, Raymond Harlan, against the appellant to recover damages on account of personal injuries alleged to have been received by the said Raymond, while he was playing on the turntable of appellant, through its negligence in the city of Denison, Texas. Appellee sought to recover in his own behalf for the loss of the boy's services and for the medical attention and nursing made necessary in consequence of the injuries alleged; and for the benefit of said minor such damages as he had sustained by reason of his injuries. The appellant pleaded the general issue and specially, in effect, that the injuries complained of were proximately caused by appellee's own negligence and want of ordinary care; that Raymond Harlan at the time injured was a trespasser upon appellant's premises and turntable, and wrongfully interfering therewith; that appellee knew and understood the danger of the said Raymond being on said turntable, and permitted him, without restraint, to play thereon and thereby assumed the risk of injury. A jury trial resulted in a verdict and judgment that appellee take nothing in his own right, but that he recover against appellant in behalf of his son, Raymond, the sum of $1,500. From the judgment in favor of Raymond Harlan this appeal is prosecuted.

The evidence establishes the following facts: On the 6th day of July, 1903, and for several years prior thereto, appellant maintained on its right of way in the city of Denison, Texas, a turntable, which rested on wheels and when in motion revolved on a circular track underneath it. This turntable could be easily turned and ridden upon as a merry go round. It was located in a populous portion of the city of Denison, about 150 feet from Gandy Street, 20 or 30 feet from Woodard Street, and adjacent to Travis Avenue. There had been no vehicle travel on Travis Avenue, but it had been and was at the time Raymond Harlan received his injuries, traveled by forty or fifty families as a footway in going to and from Main Street of the city. There resided within about two blocks from the turntable eighteen or twenty families, and no fences enclosed the turntable or separated it from the streets. On the contrary it was in plain view and easy reach of the streets, and especially Travis Avenue. It was not kept locked or guarded in any manner, nor was any attempt made on the part of ap-

pellant, so far as disclosed by the record, to prevent children from getting upon and using the same as a means of amusement. On account of the nature and location of the turntable and the fact that it could be easily revolved and ridden upon as a merry go round, it was especially and unusually calculated to attract children and tempt them to get upon and use the same. For four or five years prior to the injury of Raymond Harlan it had been a very frequent occurrence, and especially on Saturdays and Sundays, for little boys and girls from four to fifteen years of age to gather at this turntable and push it around and ride on it. This use made of the turntable by the children was known to appellant's agents and employes at Denison, and so used without any objection, and was, or by the exercise of ordinary care could have been, known to appellant.

The turntable was a very dangerous machine for children to ride upon or use as a plaything, and the danger and hazard thereof was known to appellant and its servants in charge thereof. Appellant was guilty of negligence in maintaining the turntable at the place and under the circumstances it did, when Raymond Harlan was injured, and such negligence was the proximate cause of his injuries. The peculiar attractiveness of the turntable to children by reason of being kept unlocked and unguarded so they could play and ride thereon operated as an implied invitation of appellant for them to do so; and was sufficient to admonish appellant and its servants in charge thereof, that such invitation would be accepted and probably result in injury to some one of them. At the time Raymond Harlan was injured he was a child less than five years of age, and upon the implied invitation of appellant, together with two other small boys of immature judgment, went to the turntable in question, and while Raymond was upon it and his companions pushing it around, his foot was caught and injured substantially as alleged, by reason of which he has sustained damages in the amount found by the jury.

Appellant offered to prove by the witness W. S. Pearson that near appellant's turntable was a pool of water, and west of Denison there was another pool of water; that the witness had seen children playing about both of these pools of water, and "that a turntable was no more attractive to children than ordinary pools of water in which they could fish or paddle or sail boats." This testimony, at the instance of appellee, was excluded on the ground that it was irrelevant and immaterial, and this ruling of the court is assigned as error.

It is contended, in effect, that inasmuch as there was no evidence of a direct invitation to Raymond to ride upon the turntable, but the invitation being implied only from the attractiveness of the table to children, it was permissible to give positive proof that the table was no more attractive than ordinary pools of water, where they could fish or paddle or sail boats. An ingenious argument is made in support of this contention, but we can not concede its soundness. The issue was whether or not the maintenance of the particular turntable in question where located, unlocked, unfenced and unguarded, so that it could be and was used by children as a plaything, rendered it so peculiarly and unusually calculated to attract them as constituted an implied invitation to them by appellant to go upon and use it for their amusement. The courts of

this State in passing upon the liability of the owner of premises for an injury to another thereon, make a distinction between those cases of injury resulting from the things ordinarily in use throughout the country, such as pools of water, haystacks, woodpiles, etc., and an injury caused to children of immature judgment while playing upon turntables, located and maintained as the evidence shows appellant's was. This distinction, we think, is clearly made by the case of Railway Co. v. Morgan, 92 Texas, 98, cited by counsel for appellant. In that case it is said: "Where the owner makes use of his property as others ordinarily do throughout the country, there is not in legal contemplation any evidence from which a court or jury may find that he had invited the party injured thereon, though it be conceded that his property was calculated to, and did, attract them. Where, however, the owner maintains upon his premises something which, on account of its nature and surroundings, is especially and unusually calculated to attract another, the court or jury may infer that he so intended, and hence invited him. Where one exhibits on his own land near where children are likely to be, pictures or unusually attractive machinery, etc., he can expect no other result than that it will appeal to the known instinct of a child of immature judgment and cause him to venture thereon, just as the dog was drawn into the baited trap by the scent of meat."

There is nothing in the record to distinguish by reason of the location, nature and surroundings, the pools of water to which the excluded testimony related, from those pools and other ordinary objects in existence and common use throughout the country. The comparative or relative attractiveness of such an object and appellant's turntable would furnish no criterion for determining whether or not the latter was of such especial and unusual attractiveness that an invitation to go upon and use it could be inferred thereby. The fact of such invitation was an issuable one, to be sure, to be found by the jury, but evidence that appellant's turntable was no more attractive than ordinary pools of water to be found on the premises of their owners, in our opinion, was irrelevant and incompetent, and should not have been admitted.

The court did not err in refusing to give appellant's requested charge which reads: "If you believe from the evidence that the turntable was no more attractive to children than many ordinary objects, such as wagons, haystacks, woodpiles and plows, and that it was not unusually and especially attractive, then you will return a verdict for the defendant." There was no testimony before the jury to authorize the giving of that portion of the charge, to the effect that if the turntable was no more attractive to children than many ordinary objects, such as wagons, etc., appellee could not recover. Such testimony as was offered upon this theory of the case was properly excluded. So much of the charge as expressed the law applicable to the facts was covered by the court's main charge. The last subdivision of paragraph three of the court's charge reads as follows: "Or if you find and believe from the evidence that the defendant's turntable in its construction and place where situated was not especially and unusually calculated to attract to it children of immature judgment, as a place of amusement and a

thing to use as a plaything, then you will find for the defendant as against both plaintiffs."

Nor did the court err in refusing appellant's special charge instructing a verdict in its favor. The evidence was amply sufficient to authorize the submission of the case to the jury and justifies and sustains the verdict rendered. (Railway Co. v. Morgan, 92 Texas, 98, 58 S. W. Rep., 544; Railway Co. v. Skidmore, 27 Texas Civ. App., 329, 65 S. W. Rep., 215; Railway Co. v. Styron, 66 Texas, 421.)

None of the assignments of error point out any reversible error, and the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.