# Lewis, by Next Friend, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company.

[No. 6,221. Filed March 17, 1908. Rehearing denied June 2, 1908. Transfer denied October 8, 1908.]

1.  Railroads.—*Liability.*—*Turntables.*—Railroad companies are liable for injuries received by children while playing about turntables, where such turntables are left unguarded and where children are attracted thereby. p. 340.

2.  Pleading.—*Complaint.*—*Railroads.*—*Turntables.*—A complaint alleging that the defendant railroad company maintained an unguarded and unfastened turntable at a point where, to its knowledge, children played, that it knew children frequently played thereupon, and that the plaintiff, a child, was injured while riding upon it, states a cause of action. p. 341.

Vol. 42—22

From Dearborn Circuit Court; *George E. Downey,* Judge.

Action by Jacob Walter Lewis, by his next friend, John E. Lewis, against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for defendant, plaintiff appeals. *Reversed.*

*McMullen & McMullens,* for appellant.

*L. J. Hackney, Frank L. Littleton* and *Roberts & Cravens,* for appellee.

COMSTOCK, J.—The court sustained a demurrer, for want of facts, to the amended complaint in this cause, and, appellant refusing to plead further, judgment was rendered against him for costs.

The error relied upon for reversal is the sustaining of appellee's demurrer to said amended complaint.

After mentioning the parties, the amended complaint avers, in substance, that on February 11, 1900, the defendant company maintained and operated, and had for more than ten years prior thereto maintained and operated, near the city of Aurora, as a part of its railroad, a turntable which was used by it, and had been used for many years, for the purpose of turning its engines for the proper operation of its railroad; that said turntable was constructed as follows: (The construction and manner of operation of the turntable is described); that when the turntable was put in motion it took a very considerable force to stop it, because of its weight and the momentum acquired; that it was situated within twenty-five feet of the corporation line of said city, on an unenclosed lot, within one hundred feet of one of the much traveled streets of said city, and at a point much frequented by the citizens thereof, including children, which facts were well known to the defendant; that on said February 11 defendant had negligently left unattended, unfastened and unenclosed said turntable, which was a dangerous machine and peculiarly attractive to chil-

dren; that for five years prior to said date there had been no fastening to prevent the turning of the table or to hold it in place, no guard or protection around or upon the table, nothing to prevent any person from getting on the table, and no visible separation of the railroad ground and the adjoining property, both being unenclosed; that said turntable was, on said date, and had been for five years, peculiarly attractive to children; that a very small child could revolve the same, similarly to a "flying Dutchman," or a "merry-go-round," and defendant knew that children were attracted by said turntable, and almost daily congregated and rode thereon; that the turntable was near a public high-way of said city, and was within fifty yards of the Ohio river, on one side, and on the other side was located a public ball ground; that the water's edge of the Ohio river was used by the children of the city for fishing and swimming, and as they went from the river to the ball ground the turntable was in the line of travel; that the facts that children and adults went upon said unenclosed lot and to the ball ground and river were known to appellee, as was the fact that children frequently played on the turntable, and would turn it round and ride upon it; that at slight expense the turntable could have been locked or fastened, so that it could not be turned when not in use, without materially interfering with its usefulness; that on said day the appellant, who was less than six years of age, with other children and companions, began to turn the turntable, and while it was in motion he jumped upon it and rode, being unmindful of danger, owing to his age, and was carried against the switch track and caught between the switch track and the turntable, sustaining the injuries complained of, which injuries were caused solely by the negligence of the appellee, without the fault of appellant, to his damage, etc.

The courts are not in harmony in their views of turntable cases. There are decisions holding that a child who

was injured while trespassing on unsafe premises cannot recover damages of the owner of the premises, by reason of their unsafe condition, unless the landowner is guilty of such negligence as amounts to wanton injury. 7 Thompson, Negligence (White's Supp.), §1026. Under this rule the appellee would not be liable, though it induced the child to enter the premises and encounter the danger by reason of its attractiveness to his immature mind. The foregoing rule has not been followed in this State. The courts of Indiana do not regard a child of tender years, attracted by something on the premises which appeals to his curiosity, as a trespasser. "What an express invitation would be to an adult, the temptation of an attractive plaything is to a child of tender years." *Northwestern, etc., R. Co.* v. *O'Malley* (1903), 107 Ill. App. 599. See, also, *Chicago, etc., R. Co.* v. *Fox* (1906), 38 Ind. App. 268, and cases cited. Railroad companies are not to be deprived of the use of structures or appliances necessary for the carrying on of their business because they are attractive, and may result in injuries to children by reason of their ignorance or want of judgment; but where, with but little pecuniary expense, such properties may be made safe when not in use, the railroad companies should be required to use means to make them reasonably safe. This requirement, of course, would not be applicable as to persons capable of appreciating danger. In 2 Thompson, Negligence (2d ed.), §1827, upon the subject of injuries to children from unguarded and unfastened railroad turntables, it is said: "In view of its great danger to children, so shown by numerous cases in the law books founded upon injuries of this kind, the just and humane conclusion must be that if the railroad company can, at slight expense or inconvenience to itself, keep it guarded from trespassing children or locked so that they cannot use it, it should be held bound to do so, and should stand liable in damages if, in consequence of the failure of this duty, a child of tender years, to whom con-

tributory negligence cannot be imputed, is injured while playing with it. This, on the one hand, allows the railway company the reasonable use of its property, while at the same time it refuses to release it from those obligations of social duty which rest upon all men in the state of civilized society." See, also, 1 Thompson, Negligence (2d ed.), §1036 *et seq.*

The demurrer admits that appellee knew the probable consequence of maintaining an unguarded and unfastened turntable at the place named and in the manner alleged; that it knew that children frequently played upon the table, turned it round and rode upon it; that they were thus impliedly invited and induced to use it, in ignorance of their danger, and that, under these circumstances, the appellant, by reason of his immature judgment and his inability to comprehend his peril, went upon the premises and was injured, as alleged. The demurrer should have been overruled. *Young* v. *Harvey* (1861), 16 Ind. 314; *City of Indianapolis* v. *Emmelman* (1886), 108 Ind. 530, 58 Am. Rep. 65; *Penso* v. *McCormick* (1890), 125 Ind. 116, 9 L. R. A. 313, 21 Am. St. 211; *City of Pekin* v. *McMahon* (1895), 154 Ill. 141, 39 N. E. 484, 27 L. R. A. 206, 45 Am. St. 114; *Brinkley Car Co.* v. *Cooper* (1895), 60 Ark. 545, 31 S. W. 154, 46 Am. St. 216; *Price* v. *Atchison Water Co.* (1897), 58 Kan. 551, 50 Pac. 450, 62 Am. St. 625; *Schmidt* v. *Kansas City Distilling Co.* (1886), 90 Mo. 284, 1 S. W. 865, 2 S. W. 417, 59 Am. Rep. 16; *Alabama, etc., R. Co.* v. *Crocker* (1901), 131 Ala. 584, 31 South. 561; *Thomason* v. *Southern R. Co.* (1902), 113 Fed. 80, 51 C. C. A. 67; *East Tenn., etc., Co.* v. *Cargille* (1900), 105 Tenn. 628, 59 S. W. 141; *San Antonio, etc., R. Co.* v. *Skidmore* (1901), 27 Tex. Civ. App. 329, 65 S. W. 215; *Edgington* v. *Burlington, etc., R. Co.* (1902), 116 Iowa 410, 90 N. W. 95, 57 L. R. A. 561; *Chicago, etc., R. Co.* v. *Krayenbuhl* (1902), 65 Neb. 889, 91 N. W. 880, 59 L. R. A. 920, 28 Am. and Eng. R. Cas. 35; *San Antonio, etc., R. Co.* v. *Morgan* (1900), 24

Tex. Civ. App. 58, 58 S. W. 544; *Indianapolis Water Co.
v. Harold* (1908), 170 Ind. 170. While the case last cited
is not a turntable case, yet the court, in holding the com-
plaint good, impliedly recognizes the "attractive nuisance
doctrine," which "finds its most frequent application in the
turntable cases."

Judgment reversed, with instructions to overrule the de-
murrer to the complaint.