JAMES H. DUNHAM ET AL. v. JULIA A. PITKIN, IMPLEADED WITH JOHN N. GOTT.

*Deed—Consideration and delivery.*

A bill in aid of execution was dismissed where the premises which complainant sought to reach had been deeded by the judgment debtor to his daughter before complainant's claim arose, and while he was solvent, in consideration of the daughter's kindness and attention to him in sickness, and where, though the grantor had kept the deed in his own custody, he had repeatedly recognized its execution and delivery to the daughter, who had for years occupied the premises with the understanding, on the part of the family, that they were hers.

Appeal from Washtenaw. (Joslyn, J.) April 11.—April 30.

CREDITOR's bill. Defendant appeals. Reversed.

*Sawyer & Knowlton* for complainants. A deed is not effectual unless it passes under the grantee's power, or the power of some person for his use, with the grantor's consent: *Burnett v. Burnett* 40 Mich. 362 ; *Thatcher v. St. Andrew's Church* 37 Mich. 264; 3 Washb. R. P. 254: *Cook v. Brown* 34 N. H. 476 ; *Maynard v. Maynard* 10 Mass. 456; gratuitous services by a daughter to her father will not sustain a conveyance by him to her as against creditors : Bump Fraud. Conv. 229 ; *Fellows v. Smith* 40 Mich. 689 ; *St. Jude's Church v. Van Denberg* 31 Mich. 287 : *Williams v. Hutchinson* 3 N. Y. 317; *Watson v. Stever* 25 Mich. 386; *Lange v.*

*Kaiser* 34 Mich. 318; a conveyance by a debtor is fraudulent as against all antecedent creditors: *Reade v. Livingston* 3 Johns. Ch. 481; *Sexton v. Wheaton* 8 Wh. 229; unless the debt is inconsiderable: Story's Eq. Jur. §§ 355, 359; *Townshend v. Windham* 2 Ves. 11; *Carpenter v. Roe* 10 N. Y. 229; and this must be shown: *French v. Holmes* 67 Me. 186.

*E. A. Gott* and *Charles M. Swift* for defendant appellant. A deed is sufficiently delivered if the grantor's statements at the time of making it show that he meant to pass the title: *McCullough v. Day* 45 Mich. 558; *Bogie v. Bogie* 35 Wis. 659; *Otis v. Spencer* 102 Ills. 628; if the deed is executed and duly delivered its subsequent destruction would not revoke it: *Gugins v. Van Gorder* 10 Mich. 523; *Warren v. Tobey* 32 Mich. 45; *Mette v. Feldman* 45 Mich. 26; *Hinchliff v. Hinman* 18 Wis. 130; *Rogers v. Rogers* 53 Wis. 36.

SHERWOOD, J. Complainants, on the 8th day of June, 1881, recovered a judgment against John N. Gott, of Ann Arbor, upon two notes given by him for goods purchased in 1879. The execution issued upon said judgment was levied upon the lands involved in this suit. The bill of complaint is filed in this case, in aid of said execution, as against two deeds made by John N. Gott to his daughter, Mrs. Julia A. Pitkin, one of the defendants. One of said deeds was made September 23, 1879, and the other September 23, 1880. The plaintiffs claim that these conveyances were made without consideration, and after the indebtedness to them was incurred, and while Mr. Gott was in great financial embarrassment, if not insolvent.

The defendant Gott avers in his answer to complainant's bill, *first*, that he was not insolvent when the deeds were made, nor financially embarrassed; that his assets greatly exceeded his liabilities; *second*, that the deeds made to his daughter in 1879 and 1880 were upon good and valuable consideration; *third*, that the property deeded to her consists of a valuable house and lot, a homestead which was in fact conveyed to her in 1876, long before the indebtedness to the complainants is claimed to have arisen, and that the last two deeds were given simply to replace the first, which had been

delivered to complainant but not recorded, and which had been destroyed by him, to whose keeping she had intrusted it.

Mrs. Pitkin answered, setting up substantially the same facts. The testimony is quite voluminous upon both sides. The circuit judge, on the hearing, rendered a decree in favor of complainants, requiring Mrs. Pitkin to pay the judgment in thirty days after notice of the decree, and, in default, the property mentioned in her deeds to be sold. During the litigation John N. Gott died and Mrs. Pitkin was permitted to proceed in the case alone, and she alone brings her appeal to this Court.

We are unable to see upon what ground this decree can be supported. A careful inspection of the record fails to satisfy us that John N. Gott was insolvent even when he made the last two deeds. The deed in both cases covers the same premises. It was conceded, on the hearing before us, that if the deed made in 1876 was delivered before the indebtedness sought to be recovered arose, the complainants must fail. We shall not attempt an analysis or discussion of the testimony in the case, but will say a careful perusal of it leaves no doubt upon our minds as to the fact of delivery. It was true the father always had the custody of the deed, but it was for her, and after it was made, he repeatedly recognized its execution and delivery. Mrs. Pitkin occupied the premises as her own several years, and they were so understood to be hers and spoken of by Mr. Gott, the family and friends. It further appears that Mrs. Pitkin had been very kind to her father, had undergone much labor, anxiety and fatigue in caring for him when sick, and it was evidently his desire to do something for his daughter and make suitable recognition of her affection for and faithful kindness to him, which constituted the consideration for the deeds sought to be invalidated by the complainants. The deed of 1879 was a quitclaim and retained a life interest ; but this not being satisfactory to Mrs. Pitkin, at her request he made the second deed. All these however were based upon the same consideration. This was of no consequence, as complainants' claim was long subsequent to the transfer, and no question is made of John

N. Gott's solvency in 1876, as the testimony shows he was then in affluent circumstances.

It is unnecessary to consider the case further.

The decree must be reversed with costs and the complainants' bill dismissed.

The other Justices concurred.