## SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v. NANNIE MORGAN.

### No. 675. Decided June 6, 1898.

**1. Negligence—Injury to Trespasser—Invitation—Pleading.**

In an action for injury received through dangerous machinery, etc., on defendant's private premises, the existence of a duty of defendant to exercise care depends upon his express or implied invitation to the injured party to enter upon the premises. Such fact of invitation is an issuable one, and should be alleged specifically, or facts stated making it clear that such issue is presented. (Pp. 101, 102.)

**2. Same—Injury to Child—Turntable.**

See opinion for petition, in case of injury to a child upon an unlocked railway turntable alleged to be attractive to children, held subject to demurrer for failure to plead express or implied invitation to enter on the premises. (Pp. 99-101.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Nueces County.

*R. W. Stayton,* for plaintiff in error.—A petition which alleges as a cause of action that a railway company had and maintained a turntable in a public place in a town or city for its use in turning locomotives and cars, and left it unguarded and unfastened, and that when so left, such turntable was dangerous to those going thereon and revolving and riding on same, and that while so unguarded and unfastened a child of tender years went thereon and received a personal injury, alleges no cause of action, unless it further alleges that such child entered upon and used said turntable with the consent of the railway company, or on its invitation, and a general demurrer should be sustained thereto. Dobbins v. Railway, 41 S. W. Rep., 62; Railway v. Dobbins, 40 S. W. Rep., 863; Railway v. Edwards, 36 S. W. Rep., 430; Railway v. Crum, 25 S. W.

Rep., 1126; Railway v. Cunningham, 26 S. W. Rep., 474; Barney v. Railway, 28 S. W. Rep., 1069.

*G. R. Scott & Bro.*, for defendant in error.—If a railroad company leaves its turntable unlocked, and a minor, without sufficient discretion to appreciate the danger of its entering thereon and playing therewith while it is unlocked, enters on the turntable to play with same, and is injured while so doing, the railroad company is liable for the injuries, and it is no defense to the suit of the minor that he may have been a technical trespasser on the property of the railway company at the time he received the injuries complained of. Evansich v. Railway, 57 Texas, 126; Evansich v. Railway, 61 Texas, 24; Railway v. Evansich, 63 Texas, 54; Evansich v. Railway 57 Texas, 123; Railway v. Evansich, 61 Texas, 3; Railway v. Simpson, 60 Texas, 103; Railway v. Styron, 66 Texas, 421; Railway v. McWhirter, 77 Texas, 356; Railway v. Robertson, 16 S. W. Rep., 1093. (Also the extensive collation of turntable cases and annotations on same, in the note to the report of this case in 14 Law. Rep. Ann., 781, et seq.); Railway v. Measles, 81 Texas, 474; Oil Co. v. Jarrard, 40 S. W. Rep., 531; Railway v. Stout, 17 Wall., 657-665 (also cases cited in the note to the report of this case on page 745, et seq., of book 21 of the U. S. Sup. Ct. Rep., published by L. C. P. Co.); City of Pekin v. McMahon, 27 Law. Rep. Ann., 206; Lepnick v. Gaddis, 26 Law. Rep. Ann., 686, and note; Nagel v. Railway (75 Mo., 633), 10 Am. and Eng. Ry. Cases, 702, and note; 27 Am. and Eng. Enc. of Law, 344, et seq., and note, page 34; 10 Am. and Eng. Enc. of Law, 675, et seq., and note 3, p. 675.

If the owner of dangerous machinery which is attractive to children and calculated to allure them, leaves the same unsecured, in a locality where it is accessible to children who do not have sufficient discretion to appreciate the danger of playing therewith, and such children enter onto the machinery and are injured by the same while using it as a plaything, the owner of such machinery is liable for the injuries, he at the time knowing that it is dangerous for children to play with same, and that it will attract them. Railway v. Brown, 11 Texas Civ. App., 503; Railway v. Edwards, 36 S. W. Rep., 430; City of Pekin v. McMahon, 27 Law. Rep. Ann., 206; Keffe v. Railway, 21 Minn., 207; Transit Co. v. Rourke, 10 Ill. App., 474; 4 Am. and Eng Enc. of Law, p. 53, sec. 26; Oil Co. v. Jarrard, 42 S. W. Rep., 959.

DENMAN, Associate Justice.—This was a suit brought by Nannie Morgan, a widow, to recover damages for injuries inflicted upon Koss Morgan, her child, 10 years of age. Omitting the usual formal allegations, the petition alleged:

"That on or about the 16th day of June, 1895, the defendant had and maintained near its main railroad track in the town of Alice, a place of about 2500 inhabitants, in the county of Nueces, a large revolving platform, commonly known as and called a turntable, and it was intended

and used by the defendant for the purpose of turning its railroad cars, locomotives, etc., in a different direction.

"The said turntable was supported by and revolved on a pivot under the center thereof and iron wheels or trucks which were placed under each of the two ends thereof, and which, when the turntable revolved, moved along a circular track around said pivot. It was massive and heavy and composed of iron and wood material, principally of iron, and was not constructed, as is usual, in a circular pit dug in the ground, but the defendant had negligently erected and constructed the same on the natural unbroken surface of the ground at the end of its side or switch track, so that all the parts thereof, its substructure, beams, and revolving appliances, were exposed to the view of persons passing by, and thereby it was rendered more noticeable and conspicuous than it would have been had it been constructed in the customary manner aforesaid. It was so arranged and placed in regard to its proximity to the end of the said sidetrack that it could be placed in such a position that the ends of the track thereon came up close to those of the sidetrack, and when placed in this position, it virtually formed a prolongation of the sidetrack, so that a locomotive or car could be rolled onto the same from the sidetrack and turned in a different direction while it was standing thereon. Around said turntable was constructed a platform or scaffold, circular in shape, and intended and used for a footway for the person revolving the turntable by means of a large wooden beam or lever attached to each of the two ends thereof, and which projected therefrom over the footway and moved around with the turntable as it revolved. The said turntable was located in an open public place in the town of Alice and in close proximity to residences, and it was not in any manner fenced or inclosed so as to obstruct the way of anyone who might choose to go thereon, and it was at all times accessible to children and the public generally who frequented the locality in which it was situated. It was a dangerous machine, and when not locked or fastened the slightest force was sufficient to put it in motion and cause it to revolve rapidly, and on account of its character, construction, and appearance, but principally on account of the fact that they could easily revolve the same when it was not fastened or locked, the said turntable was calculated to attract and did attract the attention of children of tender years who would be enticed thereto for amusement and pleasure; and such children, ignorant of the nature and construction of said turntable, as well as of the method of operating the same so as not to incur personal injury, would, as a pastime, when the turntable was left unfastened and unguarded, cause it to revolve and ride thereon, and in other ways make it the means of childish sport and diversion, not knowing the danger and hazard to which they thereby exposed themselves. That the defendant, through its proper officers, agents, and servants, was fully aware of the dangerous character of said machine, and well knew of the peril and danger to which the children who lived in Alice would be exposed by leaving the same unguarded and unfastened, and on and about said date

of June 16, 1895, and prior thereto, it had in force a rule and regulation for the government and guidance of its officers, agents, and servants who had in charge the care and control of said turntable, which required them to keep the same securely fastened and locked so that it could not be revolved or moved around, and such rule was well known to said officers, agents, and servants. That plaintiff is the widow of —— Morgan, now deceased, and of the children born to her in lawful wedlock by her said husband, is an only son, Koss Morgan, now a minor of tender years, who up to the present time has been and is now being cared for and reared by plaintiff herein. That on or about said date of June 16th the defendant carelessly and negligently left said turntable unguarded and unfastened, so that the same could easily be put in motion, and while it was so unguarded and unfastened the said Koss Morgan, then 10 years old, together with a companion, Ashby Dixon, of about the same age as himself, without the knowledge of plaintiff, and without negligence on her part, entered thereon in quest of sport and pleasure, and to amuse themselves by revolving said turntable and riding thereon, and in other ways to gratify their fancies and desires by playing with the same. At the time they were each and both ignorant of the dangerous character and nature of the turntable and of the method of operating and revolving the same without injury to themselves, and neither of them thought or knew, or had reason to believe or have sufficient discretion to appreciate, that they exposed themselves to any danger or risk in attempting to revolve said turntable and riding thereon. On arriving at the turntable, Ashby Dixon caught hold of the lever attached to one end thereof and began to push the turntable around, and while it was in motion the said Koss, ignorant of the danger of his so doing, and without sufficient discretion to appreciate such danger, and bent only on childish sport, stepped from the end of the sidetrack aforesaid onto the end of the turntable, and was in a recumbent position on the turntable, with toes pointing downwards, when his right foot was caught between the end of one of the rails of the track on the turntable and the end of one of the rails of the sidetrack, and as the turntable revolved it so badly mashed and lacerated said foot that the bones had to be taken therefrom to effect a cure." Then follows allegations of circumstances showing the damage to plaintiff on account of such injuries inflicted upon her son, which she alleges amount to $5550, for which she prays judgment as actual damages.

To this petition a general demurrer having been urged in the court below by defendant railway and overruled, and judgment having been rendered for plaintiff, the company appealed to the Court of Civil Appeals, assigning as error the action of the court in overruling such demurrer, which assignment of error having been overruled by the Court of Civil Appeals, the company has brought the case to this court upon writ of error, complaining that said courts erred in refusing to sustain such demurrer.

In order to state a cause of action against the defendant in a case like

this, the facts alleged in the petition must show (1) a duty owed by defendant to the party injured; (2) a failure on part of defendant to exercise the degree of care required of it by law in the performance of that duty. It takes both to constitute negligence. The sole assault made here upon the petition under the demurrer is that it does not show such a duty to have existed. If it does not, the second question, as to whether the company used the degree of care the law would require of it in the performance of such a duty, can not be reached. Dobbins v. Railway, 91 Texas, 60. We will therefore confine our examination to the question as to whether the petition shows such duty.

The law imposes upon the carrier certain duties toward his passenger, upon an employer certain duties toward his employe, and upon a person traveling a public street or highway certain duties toward others thereon, for the reason that these various relations of persons to each other are lawful. Hence when facts are alleged showing the particular relation, the duty follows as a matter of law.

When, however, one enters upon the private property of another, his relation to that property and the owner thereof is not prima facie lawful, and therefore the law does not, merely by reason of his presence thereon, impose upon the owner any duty of care for his protection, although his wrongful presence does not relieve the owner of the general duty imposed upon him by law as a member of society not to intentionally injure another. In such a case, to state a cause of action against the owner for damages for an injury inflicted upon him while thereon, the petition need only show a violation of such general duty, or in other words an intentional injury. Such intent can be established either by direct evidence or by circumstances showing such a reckless disregard of the lives and safety of others as to estop the owner from denying the intent. As illustrating if not fully supporting this principle, see Hydraulic Works Co. v. Orr, 83 Pa. St., 332, as explained in Gillespie v. McGowan, 100 Pa. St., 144; Schmidt v. Kansas City Dist. Co., 90 Mo., 284; Harriman v. Railway, 45 Ohio St., 12; Dunham v. Pitkin, 53 Mich., 507; Penso v. McCormick, 9 Law. Rep. Ann., 313.

If, however, the person entering upon the private property of another does so by invitation of the owner, a lawful relation is thereby established and the law imposes upon the owner a duty of care for his safety, the degree of which we need not consider here. Such invitation may be express or implied. Where it is claimed to have been express it is a mere question of fact as to whether it was extended, and no legal difficulty exists. Where, however, it is sought to establish the fact of invitation from circumstances, the greatest difficulty arises in determining the *character* of circumstances from which the fact of invitation can be inferred. This is especially true where, as in the case before us, the invitation is sought to be established by estoppel, against what was in all probability the true intent of the owner.

It has been contended broadly that when an owner places or permits anything upon his property which is attractive to others and one is

thereby induced to go thereon, the invitation may be inferred as a fact by the court or jury. Now, since it is manifest that to some classes of persons, such as infants, the things ordinarily in existence and use throughout the country, such as rivers, creeks, ponds, wagons, axes, plows, woodpiles, haystacks, etc., are both attractive and dangerous, it is clear that the adoption of such a broad contention would be contrary to reason, lead to vexatious and oppressive litigation, and impose upon owners such a burden of vigilance and care as to materially impair the value of property and seriously cripple the business interests of the country. Therefore it has been generally held that the invitation can not be inferred in such cases. These cases rest upon the sound principle that where the owner makes such use of his property as others ordinarily do throughout the country there is not, in legal contemplation, *any evidence* from which a court or jury may find that he had invited the party injured thereon, though it be conceded that his property or something thereon was calculated to and did attract him. Railway v. Edwards, 90 Texas, 65; Dobbins v. Railway, 91 Texas, 60, 41 S. W. Rep., 62, and cases cited therein; Peters v. Bowman, 115 Cal., 345; Joske v. Irvine, 44 S. W. Rep., 1059, 91 Texas, 574.

Where, however, the owner maintains upon his premises something which on account of its nature and surroundings is especially and unusually calculated to attract and does attract another, the court or jury may infer that he so intended and hence invited him. Where one exhibits on his own land, near where children are likely to be, pictures or unusually attractive machinery, etc., he can expect no other result than that it will appeal to the known instincts of a child of immature judgment and cause him to venture thereon, just as the dog was drawn into the baited trap by the scent of meat. Townsend v. Wathen, 9 East., 277.

Thus we see (1) that a general duty is imposed upon an owner as a member of society not to intentionally injure any one, and (2) that, if he invites one on his premises, an additional duty is imposed to use care to avoid his being injured; and that while the first duty exists in all cases, and its violation may be shown by direct evidence or by circumstances, the second as well as its violation may be shown by direct evidence or by circumstances. Therefore if the party injured shows in his petition either that his injury was intentional, as above indicated, or that he was invited and subsequently injured by reason of the failure of the owner to use the care required of him by law, he states a cause of action.

In so far as the turntable case and other cases involving injuries upon dangerous machinery or private property may be considered to lay down the broad proposition that the owner can be held liable without proof of either an intent to injure or an invitation, as these have been above explained, we do not think them based upon sound principle.

We do not think the petition in this case shows an invitation, in that it neither alleges such fact, nor that the turntable was unusually attractive; nor does it allege that there was any intent to injure within the

meaning of the principles above discussed.  We think the fact of invitation or the fact of an intent to injure, as the case may be, are issuable ones, to be found, and probably should be alleged specifically, or at least such facts should be stated as to make it clear that such issue or issues are presented to be passed upon.  The cases of 9 East., supra, and Corby v. Hill, 4 C. B. (N. S.), 556, seem to recognize that these issues must be presented by the pleadings, and we think this is peculiarly the case under our system, which requires a statement of the facts constituting the cause of action or defense.  Cotton Oil Co. v. Jarrard, 91 Texas, 289, 42 S. W. Rep., 959.

For error in failing to sustain the general demurrer, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*