## TEXAS POWER & LIGHT CO. v. BURT et al.

### No. 1879.

Court of Civil Appeals of Texas. Waco.

April 8, 1937.

Rehearing Denied May 6, 1937.

Worsham, Burford, Ryburn & Hincks, of Dallas, and Bryan & Maxwell, of Waco, for appellant.

W. L. Eason, Edgar Davidson, and Darden, Burleson & Wilson, all of Waco, for appellees.

ALEXANDER, Justice.

James Brundage, who will be referred to as plaintiff, climbed one of the electric light towers belonging to the Texas Power & Light Company located in Cameron Park near the city of Waco and received an electric shock from one of the high-tension wires supported thereon and was injured thereby. This suit was brought to recover the resulting damages. The jury found that the injured boy was attracted by the tower in question; that the Light Company should have contemplated that boys of the same age and intelligence would be attracted by the tower and caused to climb thereon; that the failure of the Light Company to maintain a sign on the tower giving warning of the danger of coming too near the wires

on the tower was negligence, which proximately caused the injury; that the injured boy, in the exercise of ordinary care, could not have known of the danger of being injured by the electric wire and was not negligent in climbing too near the wire. The jury fixed the amount of damages to the boy at $1,750, and that to his mother at $700. Judgment was entered for the plaintiffs accordingly. The defendant appealed.

Appellant contends that the evidence was insufficient to show liability and insists that the court should have given an instructed verdict in its behalf. Appellees insist that the case comes within the "attractive nuisance" doctrine and that by reason thereof they were entitled to recover.

The tower in question is the usual double steel tower used by electric power companies to support high-tension power lines between cities. Each side of the double tower has four posts built of steel girders set on concrete pillars. The base of the tower is ten feet wide and twenty feet long. The tower is sixty feet high and it is about fifty feet from the ground to the lowest wire. It has two ladders made of steel spikes attached to corner posts, which ladders are intended for use by workmen in ascending the tower. It is about fourteen feet from the ground and somewhere between four and seven feet from the top of the concrete pillars to the lowest one of these spikes and about fifty feet from the ground to the lowest wire where the injury occurred. The tower is located on the bank of the Brazos river in a wooded section of Cameron Park (a public park), fairly close to a public highway, and is used to support the power line that crosses the Brazos river. On the day of the injury, the plaintiff, who was above eighteen years of age, and Hardy Hay, a friend of the same age, waded the Brazos river from the east to the west side thereof and entered Cameron Park by climbing a steep cliff. They then followed a footpath to the tower and concluded to climb the tower in order to get a better view of the surrounding country. Brundage, by some means or other, reached the lower spikes of the ladder on the north leg of the tower, and then climbed the tower by means of said ladder, and Hay climbed a similar ladder on one of the south legs. After ascending to the top of the tower, approximately sixty feet from the ground, Brundage returned to a cross-bar located about forty-seven feet from the ground. This bar extends out to the south and at right angle from the main body of the tower for approximately ten feet. Brundage crawled on his hands and knees on this bar out to the end thereof and sat down for a few minutes to view the surrounding country. A little later he attempted to return to the body of the tower by crawling on the cross-bar in the same manner. His clothes were wet from his having waded the river. In order to get back to the main part of the tower, it was necessary for him to crawl under one of the high-tension wires, which carried 61,000 volts of electricity and which was approximately thirty inches above the cross-bar on which he was crawling. When he came under the wire, in close proximity thereto, but probably without touching same, the electric current leaped from the wire, struck him in the back, knocked him unconscious and set his clothes on fire. His limp body fell across the cross-bar but was caught by Hay before it fell to the ground. Hay steadied Brundage's body on the cross-bar until Brundage regained consciousness. Hay then removed Brundage's burning pants and with some little assistance from Brundage moved him to one of the ladders, and, by keeping Brundage's body between himself and the ladder, succeeded in taking him to the ground.

The doctrine of attractive nuisance, which holds the owner liable for injury to children who trespass on his property, applies only where such owner maintains an instrumentality or appliance that is so unusually attractive that it appeals to the childish impulses of children of tender age in such manner as in a sense to constitute an invitation to them to play thereon, and that such appeal, and the dangers incident thereto, should be foreseen and care taken to prevent the evil consequences.

In the case of Simonton v. Citizens' Electric Light & Power Co., 28 Tex.Civ. App. 374, 67 S.W. 530, the court held that an electric light pole, located in a public street where children commonly congregated and played, with spikes driven therein at convenient places for aiding in climbing the pole, was as a matter of law not an attractive nuisance. The Supreme Court refused a writ of error in that case. In the case of Texas-Louisiana Power Company v. Bihl (Tex.Com.App.) 66 S.W.(2d) 672, in an opinion by Mr. Justice Critz, the court followed the holding made by the Court of Civil Appeals in the Simonton Case and held that an electric light pole erected on or near the premises of the father of the injured child, which pole had attached thereto a loose wire which could be used for climbing,

the pole, was as a matter of law not an attractive nuisance. The tower here under consideration does not appear to be any more attractive to young children than the ordinary electric light pole such as was under consideration in the cases above referred to. Furthermore, considering the manner in which this tower was constructed and the natural and apparent danger that would have to be overcome before one could reach the zone where he might be injured by the electric current, it is unreasonable to assume that a child young enough to be possessed of such childish impulses as is contemplated by the attractive nuisance doctrine, would have the courage to climb the tower on the spike ladder far enough to encounter the danger here contemplated.

■ We are also of the opinion that the injured boy was not of such tender age as to bring him within the attractive nuisance doctrine. The evidence shows without dispute that he was eighteen years and four months of age at the time of his injuries; that he was five feet eleven inches tall, weighed 148 pounds, was in the 11B grade at high school, and was of average intelligence for a boy of his age. He knew that the tower belonged to the appellant and that it carried high-power electric wires on top thereof. He ascended the tower for his own pleasure and saw the electric wires when he arrived at the top of the tower. He understood that electricity would shock and burn a person and that it was dangerous in large voltage. He knew that it was dangerous to touch the wires and tried to avoid touching them, but he did not know that the current would jump from the wire to his body when he came in close proximity to the wire and without touching the same. We are of the opinion that he was not so immature in judgment, experience, and intelligence as to be overpowered by childish impulses and led to believe, by the mere attractiveness of the tower, that he had a right to play on the tower and that he could do so without fear of danger. Corder v. Houston Lighting & Power Co. (Tex.Civ. App.) 38 S.W.(2d) 606 (writ refused); Wimberly v. Gulf Production Co. (Tex.Civ. App.) 274 S.W. 986.

■■ Since the case does not come within the attractive nuisance doctrine, and it does not appear that the Light Company willfully injured the plaintiff, he cannot recover herein. In this connection, the plaintiffs present the contention that since the tower in question was located in a public park and not on the company's private property, the injured boy was not a trespasser. He was not a trespasser in the park but became such when he left the ground and began to climb the tower. We do not mean to hold that under all circumstances one would become a trespasser by entering upon any kind of an appliance or instrumentality belonging to another and situated in a public place; but in this case the tower was a substantial structure permanently erected so that the plaintiff had no difficulty in knowing when he left that part of the park maintained for the use of the public and entered upon the private property of the Light Company. In the case of Texas-Louisiana Power Company v. Bihl, supra, the pole in question was located on the private property of the father of the injured boy, and in the case of Simonton v. Citizens' Electric Light & Power Company, supra, the pole was located on the sidewalk, either on the private property of the father of the injured boy or in a public street. In each of those cases the court held that the boy was a trespasser when he left the ground and began to climb the pole. We overruled appellees' contention in this respect.

■ We also doubt the sufficiency of the evidence to authorize the submission to the jury of the issue as to whether or not the failure of the Light Company to maintain a warning sign on the tower was the proximate cause of plaintiffs' injuries. If this boy, knowing that the tower carried high-tension wires and that it was dangerous to contact them, had the courage to climb the tower by means of a spike ladder to a distance of sixty feet, and, after seeing the wires, could, without trepidation, crawl immediately under and in close proximity to one of them on his hands and knees on a bar forty-seven feet from the ground, and could then sit down on the end of the bar, swing his feet in the air, and view the surrounding country with complacency, it is hardly probable that an ordinary "danger" sign at the bottom of the ladder would have deterred him. At any rate, it is clear that the Light Company had placed its wires at a place where they were safe from interference by all those who were of such tender years as to be apt to be unduly swayed by childish impulses.

For the reasons hereinabove stated, the judgment of the trial court is reversed, and judgment is here rendered for the defendant.