HENWOOD v. VANOVER et al.

No. 13879.

Court of Civil Appeals of Texas.

Fort Worth.

March 17, 1939.

Rehearing Denied April 14, 1939.

Ramey, Calhoun & Marsh, of Tyler, Norman, Stone & Norman, of Rusk, and G. L. Brelsford, of Tyler, for appellant.

J. J. Collins and Pitser H. Garrison, both of Lufkin, for appellees.

DUNKLIN, Chief Justice.

Melvin Vanover, a boy seven years of age, sustained an injury while riding on a push car belonging to the St. L. S. W. Ry. Co., in the town of Wells. The push car, approximately five feet long, 3½ feet wide and eighteen inches deep, was used in the railway yards for moving heavy articles and was operated over the rails, and when not in use, it was taken from the track and placed in a narrow run-way, running at right angles to the track, between two tool houses. The run-way was a part of the depot grounds and near a highway crossing. The boy lived with his parents near the depot. On the occasion of his injury, he and other children were using the push car for their amusement. It would be pushed by some while others rode on it. At the time of his injury, Melvin was riding in a sitting position with his legs over the front, while two other children pushed it, causing it to run down a decline and against a box, injuring one of Melvin's legs when it came in contact with the box.

This suit was brought in behalf of Melvin Vanover by his father, as next friend, who also sued in his own behalf for damages for the injury sustained by the minor. Judgment was rendered denying the father any relief, but awarding damages to the minor for $500. The defendant has appealed.

The facts related above were alleged in plaintiff's petition, with further allegations that the push car was unusually attractive and dangerous to children of tender age, who were incapable of appreciating the danger of using it for their amusement in the manner it was being used at the time of the injury; that children in that vicinity were in the habit of so using it prior to the accident, with the knowledge and consent of the defendant, and that defendant was guilty of actionable negligence in permitting such use; also in failing to lock or brace the car to prevent its movement. That Melvin Vanover was induced to play on the push car, by reason of its unusual attractiveness, and by reason of his tender age and lack of discretion he did not realize and appreciate the danger of so doing. There was no allegation of any latent defect in the construction of the car.

The issues of facts so tendered in plaintiff's petition were sustained by the verdict of the jury.

In a vast array of decisions throughout the country, the doctrine of liability of a property owner for injuries to children of tender age and immature discretion, resulting from attractive nuisances, is discussed.

In 30 Tex.Jur., pages 887 to 904, inclusive, many Texas decisions are noted and digested. See also 20 R.C.L., pp. 79 to 93; 45 C.J., p. 758 et seq. Also a collation of decisions in many states, in notes in 36 A.L.R., beginning on page 34.

Owing to the difference in the surrounding facts and circumstances, there seems to be a lack of harmony in some of those decisions.

San Antonio & A. P. Ry. Co. v. Morgan, 92 Tex. 98, 46 S.W. 28, 29, is one of the leading cases in this state on this subject. That was a suit by a mother for injuries to her 10-year old child, while playing on the railroad company's turntable. In the opinion, this was said:

"When, however, one enters upon the private property of another, his relation to that property and the owner thereof is not prima facie lawful, and therefore the law does not merely, by reason of his presence thereon, impose upon the owner any duty of care for his protection, al-

though his wrongful presence does not relieve the owner of the general duty imposed upon him by law, as a member of society, not to intentionally injure another. In such a case, to state a cause of action against the owner for damages for injury inflicted upon him while thereon, the petition need only show a violation of such general duty, or, in other words, an intentional injury. Such intent can be established either by direct evidence or by circumstances showing such a reckless disregard of the lives and safety of others as to estop the owner from denying the intent. As illustrating, if not fully supporting, this principle, see Hydraulic Works Co. v. Orr, 83 Pa. 332, as explained in Gillespie v. McGowan, 100 Pa. 144 [45 Am.Rep. 365]; Schmidt v. Kansas City Dist. Co., 90 Mo. 284, 1 S.W. 865 [2 S.W. 417, 59 Am.Rep. 16]; Harriman v. Railway Co., 45 Ohio St. [11] 12, 12 N.E. 451 [4 Am.St.Rep. 507]; Dunham v. Pitkin, 53 Mich. [504] 507, 19 N.W. 166; Penso v. McCormick, [125 Ind. 116], 25 N.E. 156 [9 L.R.A. 313, 21 Am.St.Rep. 211].

"If, however, the person entering upon the private property of another does so by invitation of the owner, a lawful relation is thereby established, and the law imposes upon the owner a duty of care for his safety, the degree of which we need not consider here. Such invitation may be express or implied. Where it is claimed to have been express it is a mere question of fact as to whether it was extended, and no legal difficulty exists. Where, however, it is sought to establish the fact of invitation from circumstances, the greatest difficulty arises in determining the character of circumstances from which the fact of invitation can be inferred. This is especially true where, as in the case before us, the invitation is sought to be established by estoppel against what was in all probability the true intent of the owner.

"It has been contended broadly that when an owner places or permits anything upon his property which is attractive to others, and one is thereby induced to go thereon, the invitation may be inferred as a fact by the court or jury. Now, since it is manifest that to some classes of persons, such as infants, the things ordinarily in existence and use throughout the country, such as rivers, creeks, ponds, wagons, axes, plows, woodpiles, haystacks, etc., are both attractive and dangerous, it is clear that the adoption of such a broad contention would be contrary to reason, lead to vexatious and oppressive litigation, and impose upon the owners such a burden of vigilance and care as to materially impair the value of property and seriously cripple the business interests of the country. Therefore it has been generally held that the invitation cannot be inferred in such cases. These cases rest upon the sound principle that, where the owner makes such use of his property as others ordinarily do throughout the country, there is not, in legal contemplation, any evidence from which a court or jury may find that he had invited the party injured thereon, though it be conceded that his property or something thereon was calculated to, and did, attract him. [Missouri, K. & T.] Railway v. Edwards, 90 Tex. 65, 36 S.W. 430 [32 L.R.A. 825]; Dobbins v. Railway Co. [91 Tex. 60], 41 S.W. 62 [38 L.R.A. 573, 66 Am.St.Rep. 856] and cases cited therein; Peters v. Bowman, 115 Cal. 345, 47 P. 113, 598 [56 Am.St.Rep. 106]; Joske v. Irvine, [91 Tex. 574], 44 S.W. 1059.

"Where, however, the owner maintains upon his premises something which, on account of its nature and surroundings, is especially and unusually calculated to attract, and does attract, another, the court or jury may infer that he so intended, and hence invited him. Where one exhibits on his own land, near where children are likely to be, pictures or unusually attractive machinery, etc., he can expect no other result than that it will appeal to the known instincts of a child of immature judgment and cause him to venture thereon, just as the dog was drawn into the baited trap by the scent of meat. Townsend v. Wathen, 9 East 277.

"Thus, we see (1) that a general duty is imposed upon an owner as a member of society not to intentionally injure any one; and, (2) that, if he invites one on his premises, an additional duty is imposed to use care to avoid his being injured; and that while the first duty exists in all cases, and its violation may be shown by direct evidence or by circumstances, the second, as well as its violation, may be shown by direct evidence or by circumstances. Therefore, if the party injured shows 'in his petition either that his injury was intentional, as above indicated, or that he was invited and subsequently injured by rea-

son of the failure of the owner to use the care required of him by law, he states a cause of action.

"In so far as the Turntable Cases and other cases involving injuries upon dangerous machinery on private property may be considered to lay down the broad proposition that the owner can be held liable without proof of either an intent to injure or an invitation, as these have been above explained, we do not think them based upon sound principle.

"We do not think the petition in this case shows an invitation, in that it neither alleges such fact, nor that the turntable was unusually attractive; nor does it allege that there was any intent to injure, within the meaning of the principles above discussed. We think the fact of invitation or the fact of an intent to injure, as the case may be, are issuable ones to be found, and probably should be alleged specifically, or at least such facts should be stated as to make it clear that such issue or issues are presented to be passed upon."

Duron v. Beaumont Iron Works, Tex. Com.App., 7 S.W.2d 867, 869, was a suit for injuries to a boy between 13 and 14 years of age, resulting from getting his hand caught in hoisting machinery operated by the defendant, which the jury found was an attractive nuisance, and in affirming a judgment for plaintiff this was said, in the opinion of Justice Leddy, for the Commission of Appeals: "The recovery in this case was based upon the 'attractive nuisance' doctrine, which originated in what is known as the 'turntable cases.' The rule announced in those cases has been frequently held to apply with equal force to cases involving other and different machinery or devices which are specially and unusually attractive and alluring to children of tender years and immature judgment. These decisions do not extend the doctrine announced in the cases wherein it originated, but merely apply the same where the existent facts call for the operation of the rule. McCoy v. Texas Power & Light Co. (Tex.Com.App.) 239 S.W. 1105; S. A. & A. P. Ry. Co. v. Morgan, 92 Tex. 98, 46 S. W. 28; Stamford Oil Mill v. Barnes, 103 Tex. [409] 413, 128 S.W. 375, 31 L.R.A., N.S., 1218, Ann.Cas.1913A, 111; Little v. James McCord Co. (Tex.Civ.App.) 151 S. W. 835; Flippen-Prather Realty Co. v. Mather (Tex.Civ.App.) 207 S.W. 121."

Stimpson v. Bartex Pipe Line Co., 120 Tex. 232, 36 S.W.2d 473, 477 was a suit for injuries sustained by a boy six years of age, in falling from steps leading to the top of a crude oil storage tank, situated in the vicinity of the boy's home and alleged to be an attractive nuisance to children of tender age and lacking discretion. It was alleged that the storage tank and steps had been maintained in the same place for a number of years. The order of the trial court sustaining a general demurrer to plaintiff's petition was affirmed by the Commission of Appeals, in opinion by Justice Leddy, for lack of allegation in plaintiff's petition of a concealed, hidden, latent danger in the structure of the steps from which the boy fell, with this further statement: "Had the child been allured by the attractive nature of the tank and stairway to go onto appellee's premises and there had existed a latent or hidden defect in the stairway which caused it to give way while it was ascending to the top of the tank, an altogether different situation would be presented. Bransom v. Labrot [81 Ky. 638, 50 Am.Rep. 193], supra. No such hidden or concealed danger is alleged in the petition, as it is not shown that any part of the oil tank or steps attached thereto was in any way defective or contained any concealed or unsuspecting danger. The facts pleaded merely show a danger which was obvious and patent even to a child of tender years, as such a child in the very nature of things is thoroughly capable of appreciating the fact that, if it falls from a structure of the height of the oil tank, it would in all probability receive an injury."

In the following cases it was held that electric light or power poles located in public places, with steps or other means for climbing and particularly alluring to boys of immature years, are not, as a matter of law, an attractive nuisance for which a recovery may be had for injuries received by such boys while climbing the same for their amusement. Simonton v. Citizens' Electric Light & Power Co., 28 Tex.Civ.App. 374, 67 S.W. 530 (writ refused); Texas Power & Light Co. v. Burt, Tex.Civ.App., 104 S.W.2d 941; Texas-Louisiana Power Co. v. Bihl, Tex.Com. App., 66 S.W.2d 672, opinion by Justice Critz.

We believe the assignment of error to the order of the trial court overruling defendant's general demurrer to plaintiff's petition is without merit; especially so in the absence of any allegation of the age of Melvin Vanover. On that issue the al-

legation was that he was of tender years and lacking in discretion to appreciate the danger of playing on the push car. Although the mother of the boy testified on the trial that he was six and a half or seven years of age, active in helping around the house, carried in wood, helped in the yard, cleaned up the yard, etc., yet that testimony can not be looked to to determine the merits of the general demurrer.

The decision in the Stimpson case, supra, is not necessarily controlling here, since, in that case, there was nothing said as to whether the boy was an invitee, to whom the .defendant owed ordinary care for his safety, or a mere trespasser, which would give rise to another and different duty.

■ But there was no finding by the jury in the case at bar to sustain the allegation in plaintiff's petition that for some time prior to the accident in question, the push car had been habitually used for play in defendant's yards by children of tender years, with the knowledge and consent of the defendant, and thus to make Melvin Vanover an invitee so to use it, with the ensuing duty of the defendant to exercise ordinary care for his safety. San Antonio & A. P. Ry. Co. v. Morgan, 92 Tex. 98, 46 S.W. 28, cited above; Armstrong Co. v. Adair, 112 Tex. 439, 247 S.W. 848; Gulf Production Co. v. Quisenberry, 128 Tex. 347, 97 S.W.2d 166; West Texas Utilities Co. v. Renner, Tex.Com.App., 53 S.W.2d 451, and cases cited.

For, as said in the opinion of the Supreme Court, in Dobbins v. M., K & T. Ry. Co., 91 Tex. 60, 41 S.W. 62, 38 L.R.A. 573, 66 Am.St.Rep. 856: "The common law imposes no duty upon the owner to use care to keep his property in such condition that persons going thereon without his invitation may not be injured. In considering the question as to whether a duty exists, there is no distinction between a case where an infant is injured and one where the injury is to an adult, though where the duty is imposed the law may exact more vigilance in its discharge as to the former. If there be no duty, the question of negligence is not reached, for negligence can in law only be predicated upon a failure to use the degree of care required of one by law in the discharge of a duty imposed thereby."

For lack of such a finding upon that essential element of plaintiff's right of re-

covery, the judgment will be reversed and the cause remanded.

In view of such reversal, we deem it unnecessary to determine another assignment of error to the court's instruction, in connection with the issue submitted on the issue of unavoidable accident, as to the correctness of which we entertain some doubt. If, on another trial, the issue of unavoidable accident is submitted, we suggest to the trial court the advisability of following the form for submission of that issue announced in the opinion of the Commission of Appeals, in Gulf, C. & S. F. Ry. Co. v. Giun, 116 S.W.2d 693, 116 A.L.R. 795.

■ Under the pleadings and facts of this case, we cannot say as a conclusion of law that the push car was not an attractive nuisance, and therefore overrule the assignment presenting that contention.

For the error pointed out, the judgment of the trial court in favor of the minor, Melvin Vanover, is reversed and the cause is remanded as to him.

But the judgment denying L. J. Vanover any relief in his own right, from which no appeal is prosecuted, is left undisturbed.