Paul HAMRICK, Appellant,

v.

Carnelle WILHITE et al., Appellees.

No. 6453.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 20, 1954.

Rehearing Denied Jan. 10, 1955.

Underwood, Wilson, Sutton, Heare &
Boyce, Amarillo, for appellant.

James R. Collins, Simpson, Clayton &
Fullingim and Gibson, Ochsner, Harlan,
Kinney & Morris, Amarillo, for appellees.

## NORTHCUTT, Justice.

This was an action brought by Carnelle Wilhite joined pro forma by her husband, Z. M. Wilhite, suing as next friend and natural guardian of Michael West, a child eight years of age, to recover damages from appellant, Paul Hamrick, and others, on account of personal injuries sustained by Michael West as the result of the explosion of a gasoline tank truck and will be hereinafter referred to as Plaintiff.

This suit was brought against Bill's Truck Stop, Inc., Paul Hamrick and D. G. Dalby d/b/a under the trade name and title of Bill's Truck Stop, and Charles Eckes d/b/a under the trade name and title of Eckes Industrial Company. Bill's Truck Stop, Inc. was the owner of Block 16 of Benton Highland Addition to the City of Amarillo, Potter County, Texas and leased this property to Paul Hamrick and D. G. Dalby for the purpose of the lessees conducting thereon a filling station and truck stop business, and the right to provide parking accommodations for truck drivers. Michael West was the son of Carnelle Wilhite by a former marriage.

Since the accident in question happened on August 28, 1952 and D. G. Dalby had, in February, 1952, transferred all his interest in said lease to Paul Hamrick and was in no way connected with said business thereafter and no judgment was taken as to D. G. Dalby, he will not be considered any further herein.

■ The plaintiff sought damages as against Bill's Truck Stop, Inc. since it was the owner of Block 16 and had leased the same to Paul Hamrick for the purposes as above set out. The trial court refused plaintiff any judgment as against Bill's Truck Stop, Inc., and the plaintiff excepted to such holding by the trial court. We are of the opinion the trial court correctly held that Bill's Truck Stop, Inc. was not liable under this record and it could not have foreseen the accident or danger here in question, and was not responsible for such damages since the property was leased for a lawful purpose when there was no showing there was anything at the time of leasing of the property that would make the lessor liable under this record. Eaton v. R. B. George Investments, Inc., 152 Tex. 523, 260 S.W.2d 587; Ward v. Wallace, Tex.Civ.App., 175 S.W.2d 611. The exception of appellee, Carnelle Wilhite, to the action of the trial court in refusing to grant judgment for plaintiff against Bill's Truck Stop, Inc. is overruled.

The trial court granted judgment upon the verdict of the jury for the plaintiff as against Paul Hamrick d/b/a Bill's Truck Stop, Inc. and against Charles Eckes d/b/a Eckes Industrial Company, jointly and severally, for the sum of $25,000. Eckes did not contest said judgment nor appeal therefrom and no further reference will be made as to him.

Paul Hamrick made and presented his motion for a new trial but the same was overruled by the court and from this action Hamrick has perfected this appeal. Hamrick will be hereafter referred to as defendant.

Plaintiff seeks to recover herein under the attractive nuisance doctrine. The main facts surrounding this case are that the defendant maintained a garage, service sta-

tion and truck stop and, in connection with them, had sleeping quarters for truck drivers who were permitted, when sleeping, to leave their equipment on a parking area behind the service station; that prior to August 28, 1952, the date of the accident, the Eckes gasoline truck had been left where it was parked on this block by one Harrison who was working for Eckes, and Harrison was in the bunkhouse asleep; along about noon on August 28, 1952, Michael West together with five other boys were upon the property in question and Michael and one of the boys, Jimmy Seay, climbed upon the gasoline tank truck owned by Eckes and one of them took the top off the tank and struck a match and threw it into the tank causing the same to explode and injured Michael West—and it is for these injuries that this suit was brought. There was a dispute as to who removed the top and struck the match and threw it into the tank. The Seay boy contended it was Michael West but others stated it was Jimmy Seay. The jury found that it was Jimmy Seay.

Defendant, by his first and second points of error complains of the action of the trial court in refusing defendant's motion for judgment non obstante veredicto and because the evidence was insufficient to support the jury's findings that Michael West, because of his age, did not realize the risk involved in playing on and about the gasoline truck and did not, because of his age, realize the danger of throwing a lighted match in the gasoline tank. The two boys that were on the tank in question were each eight years of age. There was one other boy, five years of age, that was trying to get on the tank. Wayne Seay, thirteen years of age, was one of the boys that was at the accident but was not on the tank that exploded and saw that one of the boys on the tank was going to use a match. Wayne stated it was Michael West that had the match and threw it into the tank. But since the jury found it was Jimmy Seay that finding is binding on this Court. When Wayne saw what was about to happen, he warned that the match not be struck as there might be gasoline in the tank. It is to be noted herein that the little boy that

was five years of age and was trying to get upon the tank where Michael West and Jimmy Seay were ran away from the tank and was not injured. Michael West testified that when they got to the place in question they began to play on the tires—meaning the tires stacked in back of the filling station, and then went from there and got upon the truck. So, they were already playing upon the premises before they were ever attracted to the truck in question. There is no evidence in this record that the truck attracted these children upon the premises in question. The record is undisputed that Michael West was already a trespasser upon the premises before he was ever attracted to the tank truck in question even if it be conceded it was of such a nature to be considered as attracting him upon the same. It is stated by the Supreme Court in the case of Gotcher v. City of Farmersville, 137 Tex. 12, 151 S.W.2d 565, at page 566:

"Liability under the attractive nuisance doctrine is based on the theory that the dangerous thing was so situated and maintained as to attract children from the street, or from some public place where they may be expected to be, thus raising a presumption that the parties so maintaining the nuisance should have foreseen and anticipated the injury. 45 C.J. 767; 30 Tex.Jur. 889. In order to invoke the doctrine it is necessary that the thing or condition alleged to have constituted the attractive nuisance should have been so situated as to entice the child onto the premises, and it is not sufficient that it attracted him after he had already become a trespasser."

The only thing in this record that could justify the findings of the answers by the jury to the issue that Michael West, because of his age, did not realize the risk in playing on and about the gasoline truck and the danger of throwing a lighted match in the gasoline tank was just looking at him. Michael's own testimony shows that he realized the danger, and the fact that a five year old boy, at the very same time and

place, knew to run would, under this record, more than offset the age question alone.

The defendant did not place the truck and tank upon the premises but it was placed there by Mr. Harrison, Eckes' agent, and neither is there any testimony showing that there was any liquified petroleum or any of the other products pleaded by the plaintiff in the tank. Neither was there any testimony showing that defendant knew or had any reason to believe the truck or tank in question was dangerous but he had been told, or his helper had been told to the contrary, that the truck was empty. There is no evidence in this record that the gasoline truck in question was unusually attractive or more attractive than those instrumentalities ordinarily maintained and used by men and institutions in carrying on the usual industry and business of the country. The case of Holt v. Fuller Cotton Oil Company, Tex.Civ.App., 175 S.W.2d 272, 275, in which a writ of error was refused by the Supreme Court for want of merit has several matters in common with this case. There the child was eight years of age— Michael West was eight years of age when he was hurt. There the child realized the danger and so did Michael West. There the child climbed upon cottonseed to throw a rope over a conveyor and caught her arm and was injured. Here Michael West was injured by the throwing of the match in the tank causing the explosion. In the Holt case above cited, it is stated:

"Under her second point of error, appellant contends that the mass of cottonseed inside the warehouse and the open door at the side of the warehouse revealed an attractive place for children to play and that, in maintaining the warehouse in that condition, appellee impliedly invited appellant and the two other children to enter the warehouse for that purpose. The fact that the mass of cottonseed furnished an attractive place for children to play does not bring the case within the rule applied by the courts in the class of cases known as attractive nuisance or turntable cases. That rule applies only

when it is shown that the instrumentality is of such a nature as to be unusually attractive, that is, more attractive than those instrumentalities, things, and places ordinarily maintained and used by men and institutions in carrying on the usual industries and business of the country. San Antonio & A. P. R. Co. v. Morgan, 92 Tex. 98, 46 S.W. 28; Simonton v. Citizens' Electric Light & Power Co., 28 Tex.Civ.App. 374, 67 S.W. 530. If it were otherwise, the ownership of property and the operation of business and industrial institutions would be burdensome and oppressive to an unbearable degree."

We think the use of these oil trucks are so common at this time that they cannot be said to be an instrumentality of such a nature as to be unusually attractive because a child has never seen any of them. In the case of Massie v. Copeland, 149 Tex. 319, 233 S.W.2d 449 by the Supreme Court, in referring to an attractive nuisance case, holds four conditions must be satisfied to make a case of liability under the doctrine. It states that of the four elements probably the most important is that the child, because of his tender years, does not realize the risk or danger. Under the record of this case, we think it is conclusively shown that Michael West did realize the risk and the danger. We sustain defendant's first and second points of error.

Defendant by his fourth and fifth points of error complains of the action of the court in rendering judgment for plaintiff because plaintiff failed to prove that any negligence on the part of the defendant was a proximate cause of the injuries of Michael West and also the insufficiency of the evidence to support the jury's findings on the subject of proximate cause. The trial court correctly charged the jury upon proximate causes as follows:

" 'Proximate cause', as that term is used in this charge, means that cause which in a natural and continuous sequence, unbroken by any new or independent cause, produces the injury, and

without which the injury would not have occurred, and from which it ought to have been foreseen or reasonably anticipated by a person in the exercise of ordinary care that the injuries compalined of, or some similar injury, would result naturally and probably in the light of the attending circumstances."

In the court's charge, the following question was asked:

"Special Issue No. 15

"Do you find from the preponderance of the evidence that a person of ordinary prudence, occupying the position of Paul Hamrick would reasonably have foreseen that anyone would lift or open the top of the gasoline trailer and would drop a lighted match into it?

"Answer: 'Yes' or 'No'.'

The jury answered this issue "No". Then if Hamrick could not have foreseen this accident or some similar accident would have happened, he would not be liable. We are of the opinion besides there was a new independent intervening cause in this case by Jimmy Seay's striking the match and throwing the same in the gasoline tank. It is stated in Robert R. Walker, Inc., v. Burgdorf, 150 Tex. 603, 244 S.W.2d 506, 509, by the Supreme Court:

"Where the facts show that the original act of negligence was superseded by a new and independent cause, courts have applied the rule of nonliability where the consequences of the new cause could not have been reasonably anticipated or foreseen. Texas & Pacific Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; City of Dallas v. Maxwell, Tex.Com.App., 248 S.W. 667, 27 A.L.R. 927; Paris & Great Northern Ry. Co. v. Stafford, Tex.Com.App., 53 S.W.2d 1019; 30 Tex.Jur., p. 699, § 47."

It is stated in Eaton v. R. B. George Investments, Inc., 152 Tex. 523, 260 S.W.2d 587 that Banker v. McLaughlin, 146 Tex. 434, 208 S.W.2d 843, 849, 8 A.L.R.2d 1231 is now the law of this state. The Banker case holds as follows:

"'The better authorities now agree that the element of "attraction" is important only in so far as it may mean that the trespass is to be anticipated, and that the basis of liability is merely the foreseeability of harm to the child. * * *'"

Appellant's fourth and fifth assignments of error are sustained. Since we are of the opinion this case must be reversed and rendered, we will not discuss any further assignments of error. Judgment of the trial court reversed and rendered that plaintiff recover nothing as against appellant, Paul Hamrick. That part of the action of the trial court in denying plaintiff judgment as against Bill's Truck Stop, Inc. is affirmed.

Judgment of the trial court is affirmed in part and reversed and rendered in part.